Wimer<br>vs.<br>Shelton.

*Tompkins, Judge.*

the statute,

The entry, in my opinion, shows no judgment on the de- renders the
murrer, and it is, in my opinion, as if no plea had been assignee lia-
ble.
filed.

*Scott, Judge.*—I concur.

---

King v. Clark, surviving partner of Clark & Cook.

Assumpsit on a bill of exchange.  The declaration described the bill as being drawn by "George A. Cook," under the name of " G. A. Cook."  On the trial the plaintiff offered in evidence a bill drawn by "G. W. Cook "  Held, that the variance was material.  It was, perhaps, unnecessary to set out the middle name, or initial letter of the middle name, but having done so as a description of the instrument, it became material as a descriptive averment.

Appeal from 'the Circuit Court of St. Louis County.

*J. B. King for Appellant.*

The court below erred in not granting the appellant a new trial for the reasons filed.

The circuit court erred in overruling the appellant's motion in arrest of judgment, for the reasons filed.

The court below erred in not giving a judgment of nonsuit in this cause, when moved so to do by appellant's counsel.   2d Starkie on evidence, 148.

*Darby for Appellee.*

The law provides, Revised Code, page 450, that " suits at law may be instituted in courts of record," except when the statute law of this state otherwise provides ; either,

1st. By filing in the office of the clerk of the court a de-

SEPT'R TERM, 1841.

King vs. Clark.

claration setting forth the plaintiff's cause of action, and by the voluntary appearance of the adverse party thereto ; or, 2d. By filing such declaration in such office, and suing out thereon a writ of summons, &c. No precise form is required, as to the direction which should be given to the clerk. The mere filing of the declaration, and a verbal request to the clerk to issue a summons, is sufficient.

The objection that the answer of the plaintiff, to the bill of discovery was insufficient, it will be seen by the court, was ample and full. 2 vol. Mo. Rep. Alexander v. Hayden, page 211; 3 vol. Mo. Rep. Martin v. Miller, p. 135: Bill & Craig v. Scott, 3 vol. Mo. Rep. page 212; 3 Starkie, 1603.

*Opinion of the Court by Napton, Judge.*

This was an action upon a bill of exchange drawn by G. W. Cook, upon the plaintiff in error, and accepted by the said plaintiff. The declaration describes the bill as being drawn by George A. Cook, under the name of G. A. Cook. The defendant pleaded non-assumpsit, and a special plea alleging a gaming consideration, upon which issues were taken. On the trial the plaintiff offered in evidence a bill of exchange drawn by G. W. Cook, in favor of Cook & Clark, and accepted by plaintiff in error. Thereupon the plaintiff in error moved for a non-suit, on the grounds of variance. The motion was overruled, exceptions duly taken, and the point brought up to this court.

Assumpsit on a bill of exchange. The declaration described the bill as being drawn by "George A. Cook," under the name of 'G. A. Cook.' On the trial the plaintiff offered in evidence a bill drawn by 'G. W. Cook.' Held that the

In Craig v. Brown, (Peters C. C. R. 139,) it was alleged in the declaration that the bill of exchange sued on, was drawn by Elisha Brown, and the court held that a bill signed by Elijah Brown could not be given in evidence.

So in Whitewell v. Bennett, (3 B. & P. 550,) it was held that a bill signed by one *Crouch*, could not go in evidence under a count describing the bill as signed by *Couch*.

In Franklin and others v. Talmadge, (5 J. R. 84,) the plaintiff declared in trespass *quare clausum fregit*, by the name of William Robinson, and the deed under which he claimed title to the *locus in quo*, was to William *T*. Robinson,

it was held that the variance was immaterial, the letter T being no part of the plaintiff's name.

In the declaration now under consideration, the pleader chooses to aver, that George A. Cook drew the bill of exchange sued on *under the name of G. A. Cook.* It was, perhaps, unnecessary to set out the middle name, or initial letter of the middle name at all, but having done so as a description of the instrument, the plaintiff must be bound by such descriptive averment.

The court erred in not ordering a nonsuit.

Judgment reversed and cause remanded.

*SEPT'R TERM, 1841.*

King
v
Clark.

variance was material. It was, perhaps, unnecessary to set out the middle name, but having done so as a description of the instrument, it became material as a descriptive averment.