## TIMOTHY FITZGERALD *vs.* LEONARD SALENTINE.

An action of debt against L. S. on a judgment alleged to have been recovered against him by the name of S. F. L. was submitted to the court on the following agreed facts : The writ, in the action in which the judgment declared on was recovered, was against S. F. L., and the summons was directed to S. F. L. : The officer who served the writ returned, that he had left a summons at the defendant's last and usual place of abode ; but the summons was in fact left at a house where the defendant and several others boarded : The defendant was never known by the name of S. F. L., and he did not appear to answer to the action : Judgment was rendered against him, on his default. *Held,* that the original writ was not duly served, and that the action on the judgment could not be maintained.

DEBT on a judgment rendered by a justice of the peace, on the 14th of December 1844. The declaration averred that the plaintiff recovered judgment against the defendant by the name of S. F. Leonard. The action was commenced before a justice, and carried by appeal to the court of common pleas. At the trial in that court, before *Colby,* J. the plaintiff produced and read to the jury a copy of the record of the justice who rendered the judgment, and it set forth a judgment against S. F. Leonard. It was also shown that the writ, in the action on which the judgment was rendered, was sued out against S. F. Leonard, and was served by leaving a summons directed to S. F. Leonard at the last and usual place of abode of the defendant ; that neither the defendant nor any other person appeared before the justice, to answer to the action ; and that, on the return day of the writ, a default was entered, and judgment rendered accordingly.

It also appeared that the defendant, when the said writ was served, resided in the town of Dorchester, and that no person of the name of S. F. Leonard then was an inhabitant of, or resident in, that town ; and that, in said writ, the defendant was described as of Dorchester.

It further appeared that the plaintiff worked for the defendant, and boarded, with several others, at the place where the summons was left ; that when an officer called on the defendant, with the execution which issued on the judgment, the defendant said he saw the summons, but thought he

was not bound to appear, because he was not the person named in it; that he owed the plaintiff, but not so much as the amount stated in the execution.

It was also in evidence that the defendant was sometimes called Salentine and sometimes Leonard; sometimes Mr. Salentine and sometimes Mr. Leonard; but never was known by the name of S. F. Leonard.

The case was submitted to the presiding judge on the foregoing evidence, as on a statement of facts. He decided that the action could not be maintained, and judgment was rendered for the defendant. From this judgment the plaintiff appealed.

*F. Hilliard*, for the plaintiff. The present defendant was the real defendant in the action in which the judgment was recovered. He was misnamed; but misnomer is matter of abatement only, and not of error. Gould Pl. 260. Steph. Pl. 320. *Porter* v. *Cresson*, 10 S. & R. 257. *Smith* v. *Patten*, 6 Taunt. 115, and 1 Marsh. 474. Where S. B. jr. sued a judgment, which appeared, on oyer, to have been recovered by S. B., it was held that there was a variance; but the court said the plaintiff might have alleged that he, *by the name of S. B.,* recovered the judgment. *Boyden* v. *Hastings*, 17 Pick. 200. See also *Crawford* v. *Satchwell*, 2 Stra. 1218. *Smith* v. *Bowker*, 1 Mass. 80. *Binfield* v. *Maxwell*, 15 East, 159. *Dickinson* v. *Bowes*, 16 East, 110. *Kincaid* v. *Howe*, 10 Mass. 205.

If the plaintiff had brought a second suit on the original cause of action, might not the defendant have pleaded this judgment in bar? In *Medway Cotton Manufactory* v. *Adams*, 10 Mass. 360, it was objected that a judgment against the defendant on a note alleged to have been made to the plaintiffs, by the name of R., M. & Co., would not bar an action by R., M. & Co. But the objection did not prevail.

*J. A. Abbott*, for the defendant, cited *Commonwealth* v. *Perkins*, 1 Pick. 388; *Commonwealth* v. *Hall*, 3 Pick. 262; and *Slasson* v. *Brown*, 20 Pick. 436.

HUBBARD, J. If this case turned merely upon the question

37 *

of a misnomer of the defendant in the original action, we should think he could not successfully defend against this suit; because a mere misnomer must be pleaded in abatement, if the party would take advantage of it, as it does not necessarily deny the plaintiff's cause of action. But it is essential to the plaintiff's recovery, that it should be proved, not only that the real person was sued, but that he was duly served with process, though under a mistaken name. It is provided in the Rev. Sts. *c.* 90, § 54, that "when the name of any defendant is not known to the plaintiff, the writ may be issued against him by a fictitious name, and, *if duly served,* it shall not be abated for that cause, but may be amended on such terms as the court shall think reasonable."

In examining the present case, upon the facts presented, we are of opinion that there was not a due service upon the defendant in the original action. The return of the writ, indeed, states that a summons for Leonard was left at his last and usual place of abode in Dorchester; but the facts, as agreed by the parties, are, that Salentine lived at a boarding house, with several others, and that the summons was left at that house. Where a party is sued by a wrong name, and the summons is left at a boarding house, without other service, we cannot hold it to be such a service as is contemplated by the law. The mere fact that the summons is left under the same roof where a person lives, does not make it a service at his last and usual place of abode. There may be different families residing there, and the summons may have been left in the apartment of the family not sued. There may be different apartments for different boarders to assemble in, and the summons may be left where the party sued never comes. To make such a service valid, it must be left in the part of the house which the *defendant inhabits and frequents;* or it is not duly served upon him, as being left at his last and usual place of abode. The statute intends, in such a case, a personal service, or what is equivalent thereto. Great injustice may be done to parties, when sued by wrong names,

if a different construction should be given to the statute, and judgments be recovered against them without the slightest notice.

Judgment was rendered, in this case, against the plaintiff in the justice's court, and again in the court of common pleas, and we see no sufficient reason for setting it aside. If the plaintiff himself had not had strong doubts of the sufficiency of his judgment, he would have levied his execution upon the defendant ; and we think those doubts were well founded. It is, also, merely a question of costs, as the judgment in this case cannot be pleaded in bar of a suit brought upon the original cause of action.

*Judgment for the defendant*