Totten, J.,
delivered the opinion of the court.
The defendant was indicted in the circuit court of Smith, upon a charge of false imprisonment, by the name of William H. Hughes. He pleaded in abatement, that his true name was William B. Hughes, and not William H,, as stated in the indictment. Upon demurrer to this plea, there was judgment for defendant, and the State has appealed, in error, to this court.
There is no question, but that both the Christian and surname must be truly stated, otherwise, the error is matter of abatement. It is said that the indictment may be amended, upon a plea of misnomer; it is true, that this may, by statute, be done in England, but we are not aware of any practice by which it may be done here. If the grand jury be in session, the indictment may be recommitted and amended by them.
The variance here consists in the initial letter of the middle name. In Franklin vs. Talmadge, 5 J. R., 85, it was held, that the initial letter between the Christian and. surname, *262 formed, no part of the name and need not be stated. Co. Litt., 3, a; 1 La. Razne, 562. It was once supposed, that a person could not have two Christian names. (4 Bacon’s Ab. misnomer,) and if that were so the initial would be immaterial. But as the middle name may properly be a part of the person’s name, if it be stated in full or by the initial letter, it must be correctly stated. We do not say, that such error would vitiate a deed or grant. Doubtless it would not. But in pleading, either civil or criminal, if the error be excepted to by plea in abatement, it will be fatal. Our usual practice has been to state merely the initial letter of the middle name, and that, if truly stated, has been deemed sufficient.
But it is an essential requisite of the plea in abatement, for a misnomer, that the party in stating the error, shall also state his true name. This is not done in the present case, for the initial “B.” is not the name, which the strictness of the plea requires to be stated.
For this reason, therefore, the judgment will be reversed, and judgment oí respondeos ouster be entered, and the cause be remanded for further proceedings.