COMMONWEALTH vs. JOHN BUCKLEY & another.

Plymouth.   October 18. — 20, 1887.   C. ALLEN & KNOWLTON, JJ., absent.

An indictment on the Pub. Sts. c. 202, § 29, for threatening to accuse Frank E. White of having committed a crime, is not sustained by proof that the person so threatened was Frank A. White, there being no evidence that he was ever called Frank E. White.

INDICTMENT, against John Buckley and John Clune, on the Pub. Sts. c. 202, § 29, alleging that the defendants, on May 14, 1887, at Brockton, verbally threatened to accuse one Frank E. White of having committed the crime of burning a building not his own, with intent to extort money, namely, the sum of $100, from the said Frank E. White.

At the trial in the Superior Court, before *Thompson*, J., it was proved, but the attention of the judge was not called to the fact until after the commencement of the charge, that the name of the person referred to in the indictment as Frank E. White was Frank A. White, and not Frank E. White, and there was no evidence tending to show that said Frank A. White had ever been known or called Frank E. White, until so designated in this indictment.   The defendants asked the judge to rule that there was a variance between the allegations in the indictment and the proof, and that, by reason of said variance, the jury should return a verdict of not guilty.

The judge stated that the point was too important to be left in doubt, and allowed said White to be recalled and to testify that his name was Frank A. White.

The judge refused to rule as requested; but ruled that, if the jury were satisfied that Frank A. White was the person called Frank E. White in the indictment, there was no variance, as contended by the defendants.

The jury returned a verdict of guilty against both defendants; and they alleged exceptions.

*J. M. Day & T. C. Day*, for the defendants.

*A. J. Waterman*, Attorney General, for the Commonwealth.

HOLMES, J.   The name of the person threatened is necessary to the identity of the offence charged in the indictment, and

therefore must be proved as set forth. *Commonwealth* v. *Mehan*, 11 Gray, 321. It is settled in this Commonwealth that a middle name or initial is part of the name, and a variance in regard to it is fatal. *Commonwealth* v. *Perkins*, 1 Pick. 388. *Commonwealth* v. *Hall*, 3 Pick. 262. *Commonwealth* v. *Shearman*, 11 Cush. 546. *Commonwealth* v. *McAvoy*, 16 Gray, 235. *Terry* v. *Sisson*, 125 Mass. 560, 561. The ruling that there was no variance if Frank A. White was the person called Frank E. White in the indictment, probably went upon the ground that the E. might be rejected as surplusage, as is held in some States. It cannot be said, as matter of law, that A. and E. are the same. There was no evidence that the party was ever called Frank E. White, as in *Commonwealth* v. *O'Hearn*, 132 Mass. 553. See also *Commonwealth* v. *Gormley*, 133 Mass. 580. *Exceptions sustained.*