D. MARIA PARKER & another *vs.* JOHN M. G. PARKER.

Middlesex.   January 10, 1888. — March 3, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Deposition — Variance — Evidence — Waiver.*

If a deposition purporting to be that of E. T. S., and taken upon interrogatories
   addressed to E. S. S., is offered in evidence at a trial, the testimony of the writer
   of the interrogatories, that he intended the middle S for a T, is inadmissible on
   the question whether the adverse party was misled.

The failure to exclude the deposition at a former trial because of the discrepancy,
   is a waiver of the objection, although counsel did not then notice it.

APPEAL by John M. G. Parker from a decree of the Probate
Court appointing guardians for him as an insane person.

Trial in this court, upon issues submitted to a jury before
*Knowlton*, J., who allowed a bill of exceptions, which so far as
material was as follows:

The deposition of one E. T. Shepard, a medical expert in
insanity, was offered in evidence for the appellant, to show that
the appellant was sane and capable of taking care of himself.
The judge ruled that the deposition was inadmissible, on the
ground that in the interrogatories filed, and in the commission
issued by the clerk of the court to take such deposition, the
name was written " E. S. Shepard."   The appellant then offered
to show by the testimony of James H. Carmichael, in whose
handwriting the interrogatories were, that the middle initial of
Shepard's name, as written in the interrogatories, was made for
a T and not an S, and that it was his habit to write T in that
form; but the judge excluded this evidence.

The appellant then offered to show that the same deposition
was offered in evidence, and read to the jury by the appellant's
counsel, without objection, at the former trial of this case in this
court; and contended that, if there was any valid objection to
the admissibility of the deposition by reason of any supposed
discrepancy in the middle initial of the name of Shepard, such
objection should have been made when the deposition was first
offered in evidence; and that, as the appellees had not so ob-
jected, they must be held to have waived such objection.   The

statement by one of the appellees' counsel, that he had not noticed the supposed discrepancy in the name at the former trial, was not controverted by the appellant. The judge ruled that the objection had not been waived, and excluded the evidence.

The jury returned a verdict that the appellant was insane; and the appellant alleged exceptions.

*C. H. Conant,* for the appellant.

*E. M. Johnson,* (*P. Webster* with him,) for the appellees.

KNOWLTON, J. The only exception argued in this case relates to the exclusion of a deposition offered by the appellant. The deposition taken was that of Dr. E. T. Shepard, of New Orleans, but the interrogatories and cross-interrogatories were addressed to " E. S. Shepard," and the commissioner was directed to take the deposition of " E. S. Shepard." In this Commonwealth a middle name or initial is held to be a part of the name of a person, and cannot be disregarded. *Commonwealth* v. *Shearman,* 11 Cush. 546. *Terry* v. *Sisson,* 125 Mass. 560. The name E. T. Shepard imported a different person from E. S. Shepard. *Commonwealth* v. *Buckley,* 145 Mass. 181. The deposition was therefore on its face inadmissible.

But the appellant might show by any competent evidence that E. T. Shepard was the person whose deposition was intended to be taken, and that the appellees were not misled by the name used in the direct interrogatories, and that they intended to interrogate E. T. Shepard in their cross-interrogatories. Such facts may often be found by the presiding judge upon slight evidence, and this is sometimes contained in whole or in part in the papers themselves; but mere opinions of witnesses cannot be received to establish them. And in the case at bar, testimony of the intention of the witness Carmichael, when he wrote the name in the direct interrogatories, to make a T when in fact he made an S, was not competent upon the question whether the appellees were misled by the name as he wrote it. For they had no means of knowing who was meant, or what he intended, except from what appeared on the paper.

Without considering more particularly the other questions in the case, we must sustain these exceptions, on account of error in the ruling in relation to the use of the deposition at the

former trial. The appellant offered to show that at that time it was read without objection, and contended that the appellees, by their conduct then, had waived their right to make objection afterward. It was proved and admitted that the appellees' counsel did not discover the discrepancy in names until after the trial, and thereupon the court ruled that there was no waiver, and that the evidence was immaterial.

It is a general rule, that one cannot be held to waive that of which he has no knowledge; but there are cases in which one's action is important as affecting the situation or conduct of another, when it is his duty to ascertain facts, and act promptly if he desires to avail himself of his legal rights. In such a case, by failure to act he may waive a right of whose existence he is ignorant.

It was decided in *Gould* v. *Hawkes*, 1 Allen, 170, that a party who permitted depositions to be read without objection at a hearing before an auditor thereby waived his right to object to them afterward on account of formal defects at the trial. It is said in the opinion, that "fairness of dealing required that the plaintiff should object to the depositions as soon as they were offered in evidence, if he then was aware of a cause for objection; and if he did not discover the alleged defect in them until after the hearing before the auditor, it was an oversight which cannot be allowed to injure the defendant." The case at bar is within this decision.                    *Exceptions sustained.*