PETER AMBS and another *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS &
OMAHA RAILWAY COMPANY.

August 19, 1890.

Conveyance—Exception of Lot by Reference to Unrecorded Plat—
Part of Description Rejected.—An express exception, in a deed con-
veying lands described by metes and bounds, of "lot 6, block 36, hereto-
fore conveyed to William H. Brown" by the grantors, *held* to be effect-
ual to except the designated lot from the lands conveyed, it appearing
that the granted lands had been platted by the grantor and the grantee,
although the plat had not been acknowledged or recorded; that the plat
embraced a lot so designated; and that the granted lands did not include
any other lot 6, in a block 36. In the absence of proof that the lot fur-
ther described as having been conveyed to Brown had been so conveyed,
that part of the description may be rejected.

Same—Immaterial Recital held not to Estop Grantor.—A recital in a
deed the truth of which is immaterial does not estop the parties from
subsequent assertion of the truth; *e. g.*, the description in a deed of lands
*excepted* from the conveyance, as having been conveyed to another, does
not estop the grantor, nor one to whom he shall convey the excepted
lands, from alleging that no such conveyance as recited had been made.

Same—Similarity of Names as Showing Identity of Persons.—In the
trial of an issue of title to land, when any circumstance appears to cast
a reasonable doubt upon the identity of persons upon whose identity the
title depends, a mere similarity of names will not suffice to establish a
presumption of the identity of persons; *e. g.*, if it appear merely that
land had been conveyed to "William *H.* Brown," and that a subsequent
conveyance of the same land had been executed by "William *B.* Brown,"
it will not be presumed that the grantee in the one deed and the grantor
in the other were the same person.

Appeal by Julius Gross, one of the plaintiffs, from an order of the
district court for Ramsey county, *Kelly,* J., presiding, refusing a new
trial after verdict directed for defendant.

*Kueffner & Fauntleroy* and *Stringer & Seymour,* for appellant.

*James H. Howe* and *C. D. O'Brien,* for respondent.

DICKINSON, J.   This is an action to recover the possession of a lot
of land in the city of St. Paul, described as lot 6, in block 36, in St.

Paul Proper, so called. The court directed a verdict for the defendant. This lot comprises a part of a larger tract of land, conveyed by patent from the United States to Louis Robert, in June, 1849. Both parties claim to have derived title from Robert. The land including this lot appears to have been platted into town lots by Robert, Guerin, and others, as early as 1847, although the plat was not acknowledged until February, 1849. In that platting the land in question was designated as lot 6, in block 36. The plaintiffs' claim of title is through the following conveyances by deed: (1) Warranty deed from Robert to Guerin, dated in January, 1849, and recorded in September of that year, conveying, by metes and bounds, a body of land which would embrace the lot in question were it not for the words, following the description of the land conveyed, "with the exception of lot 6, block 36, heretofore conveyed to William H. Brown by Louis Robert and wife;" (2) warranty deed from Guerin to William *B.* Brown, dated and recorded in April, 1849, conveying lot 6, block 36,—the lot in question; (3) warranty deed of same lot from William B. Brown to Daniel A. J. Baker, dated in May, 1851, and recorded in December, 1853. By subsequent warranty deeds an undivided one-half of the lot was conveyed by Baker, if he had the title, to the plaintiff Gross. The defendant claims to have shown title by 20 years' adverse possession under claim of title, but also by conveyances of this lot from Robert to Lamprey, in 1867, and by the latter, and through mesne conveyances, to the defendant.

It will not be necessary to consider the evidence going to show adverse possession, for, by the deeds of conveyance to which we have referred, the title does not appear to have been transferred from Robert to the plaintiff Gross, but does appear to have been conveyed from Robert to Lamprey, and from him to the defendant; and for this reason the ruling of the court was right. The excepting clause, above recited, from the deed of Robert to Guerin constitutes an *exception* from the grant, and not technically a reservation. The terms "with the exception," etc., following the description of the lands conveyed, were proper and of sufficiently definite meaning to express an exception from the grant, if the land to which the exception applies is designated with certainty. The deed clearly shows an intention

that from the land granted by it there should be excepted a tract which was designated lot 6, in block 36, and which was further described as having been previously conveyed to William H. Brown. When it was shown that there was included within the described granted lands a lot 6, in a block 36, so designated in a plat of the lands executed by both the grantor and the grantee, and that there was no other lot 6, in a block 36, included in the granted lands, there can remain no doubt that that platted lot was the land to which the exception referred. *Austrian* v. *Davidson,* 21 Minn. 117; *Ames* v. *Lowry,* 30 Minn. 283, (15 N. W. Rep. 247;) *Slosson* v. *Hall,* 17 Minn. 71, (95.) Though it were not shown that the lot had in fact been conveyed to William H. Brown, or even if it had been shown that such was not the fact, the maxim *falsa demonstratio non nocet* would apply, and that fact would be immaterial, the excepted lot being otherwise described with sufficient certainty.

It is said, however, that the defendant is *estopped,* by the language of the exception, from denying that the lot had been conveyed to William H. Brown, and the plaintiffs claim to have acquired, through the deed from William *B.* Brown, whatever title William *H.* Brown may have had. The doctrine of estoppel is not applicable. Robert, the grantor, would not have been estopped to show, as against his grantee, Guerin, that in fact the lot, well excepted from the conveyance to the latter, had not been conveyed to Brown. The recital as to such a conveyance having been made was obviously inserted simply as a means of *describing* the land *excepted* from the operation of the deed, and not as an admission or averment of a fact which might be relied on by the grantee as a fact, and with regard to which his conduct may be supposed to have been regulated, or by which his interests may have been affected. The admission or recital did not relate to the land granted by this deed, but to other land excepted from it, and the title of which remained unaffected by it. So far as concerned the land granted, or the conduct of the parties in making and accepting this grant, it was wholly immaterial whether the excepted lot 6 had in fact been conveyed to Brown or remained vested in Robert. This deed certainly did not operate as a conveyance of it, and as respects that lot the grantee

stood in no relation of privity, either with his grantor, Robert, or with Brown.  Nor would the grantee under this deed be justified in subsequently assuming to purchase lot 6 from Brown, in whom no title should appear to have been vested, relying merely upon the terms of this exception, a mere matter of description of lands not affected by the deed.  Of course, in one sense the fact may be said to be not immaterial.  It was of importance as a circumstance descriptive merely of land *not* conveyed by this deed.  A like importance attaches to it as would attach to a description of lands bounding a tract conveyed, as, for instance, in describing the granted land as bounded on one side by a specified tract of land, which is also designated as being the land of A, when in fact the title is in B.  It could hardly be contended that the parties would be thereby estopped to afterwards aver the truth,—that B, and not A, owned the land not affected by that deed.  The doctrine of estoppel would indeed soon become odious if it should be so applied as to forever preclude proof of the truth, contrary to the language which parties may have used in respect to matters not essential to the transaction between them, which they cannot be supposed to have intended as an admission or statement of a fact to be accepted and acted upon as such, and in respect to which it is immaterial whether the language employed was accurate or inaccurate, true or untrue.  To such immaterial matters the doctrine of estoppel is not applicable.  *Southwestern Ry. Co.* v. *Warton,* 6 Hurl. & N. 520; *Blackhall* v. *Gibson,* 2 L. R. Ir. 49, 57; *Carpenter* v. *Buller,* 8 Mees. & W. 209; *Great Falls Co.* v. *Worster,* 15 N. H. 412, 450; *Brinegar* v. *Chaffin,* 3 Dev. (Law,) 108; *Osborne* v. *Endicott,* 6 Cal. 149; *Champlain & St. Lawrence R. Co.* v. *Valentine,* 19 Barb. 484; *Ingersoll* v. *Truebody,* 40 Cal. 603; *Baldwin* v. *Thompson,* 15 Iowa, 504; *Reed* v. *McCourt,* 41 N. Y. 435; 1 Greenl. Ev. (14th Ed.) § 26.  And see *Boggs* v. *Varner,* 6 Watts & S. 469.  If Robert would not have been estopped as to this matter by his deed to Guerin, it is obvious that this defendant, as the grantee from Robert of lot 6, and who claims nothing under that deed to Guerin, is not estopped.

It is claimed that the recital in the deed is at least *evidence* that Robert had conveyed the excepted land to William H. Brown.  If this be so, it does not help the plaintiffs, for their claim to have ac-

quired the title of William H. Brown is wholly unsupported by proof, unless it is to be presumed, without any evidence of identity, that the person who, under the name of William *B.* Brown, executed a deed of conveyance to Baker, was the same person as William H. Brown, to whom the land is claimed to have been conveyed by Robert. The question of title was in issue, and the plaintiffs were required to prove the disputed averment of title in themselves. Let it be assumed that they showed title in William H. Brown. They must also have shown a transmission of the title from that person to themselves. It would probably have been enough, *prima facie,* to have shown a conveyance from William H. Brown, in the absence of any circumstance to cast a doubt upon the fact of identity. But while, under many circumstances, it has been held that a middle initial in the name of a person will not be deemed a material part of his name, it is a matter of common knowledge that very many, and perhaps at this day most, persons bear a double, or more than one, Christian name, and that in the writing of the name one of these is very commonly indicated merely by its initial letter. The use of such initials, in addition to a fully written Christian name, is the most common means by which, in all the affairs of life, persons bearing names otherwise the same are distinguished. In judicial proceedings involving and determining questions of title this should not be ignored. Taking this case as an illustration, the title of land shown or admitted to have been formerly in William H. Brown does not *prima facie* appear to have been transmitted to the plaintiffs by proof of a deed to them executed by William B. Brown; and upon that bare fact the title to real estate, the same being in issue, should not be finally adjudicated to be in a grantee from the latter-named person. *Mooers* v. *Bunker,* 29 N. H. 420, 431; *Burford* v. *McCue,* 53 Pa. St. 427; *Bennett* v. *Libhart,* 27 Mich. 489. In view of the facility with which the title or the rights of any person appearing upon the public records may be apparently transferred and divested by a deed or other instrument executed by any person bearing the same name, the question of identity of person becomes one of the highest importance when title is in issue and to be adjudicated; and when, at least, any circumstance appears casting a reasonable doubt upon the identity of persons upon

whose identity the title depends, we think that identity is not to be presumed merely from the identity of names. Or, to be more precise in our decision, we hold that in the trial of an issue of title to real estate, where different initial letters are used in the names of persons which are otherwise identical, and upon the identity of which persons the title depends, the party upon whom the burden of proof rests must present some other proof of identity; that, with such a distinguishing feature in the two names, a presumption that the persons are the same does not arise merely from the similarity of the two names.

Order affirmed.