MASSILLON ENGINE & THRESHER COMPANY v. C. S. HOLDRIDGE and Another.[1]

May 27, 1897.

Nos. 10,529—(105).

### Contract—Execution—Idem Sonans—Presumption.

A written instrument signed "S. Holdridge" does not "purport" to be signed or executed by "C. S. Holdridge," so as to be admissible in evidence against the latter, under G. S. 1894, § 5751, without proof of its execution by him.

### Same—Sufficiency of Evidence.

*Held*, also, that the parol evidence in this case was insufficient to identify the defendant as the person who executed the instrument under the name of "S. Holdridge."

Action by the Massillon Engine & Thresher Company against Ed. Churchill and C. S. Holdridge. The action was dismissed as to Holdridge, and from an order of the district court for Winona county, Gould, J., denying its motion for a new trial, plaintiff appeals. Affirmed.

*Shaw, Cray, Lancaster & Parker* and *Webber & Lees*, for appellant.
*Tawney, Smith & Tawney*, for respondent.

MITCHELL, J. This action was brought against the respondent and one Churchill to recover the purchase price of a boiler engine. The complaint alleged that the defendants "agreed in writing" to purchase the engine from the plaintiff, and to pay therefor $1,100, delivered on board the cars at St. Paul, billed to the defendants at St. Charles; that the defendants received and accepted the engine at St. Charles, but refused to pay for the same, or execute their promissory notes therefor, according to the terms of "said written contract." The answer of the defendant Holdridge consisted of a general denial, and was verified by his attorney on information and belief. Churchill, in his answer, admitted that he executed the contract of purchase, but alleged a breach of plaintiff's warranty as to the condition of the engine. Upon the trial, Churchill, being called

[1] Reported in 71 N. W. 399.

by plaintiff for cross-examination, and being shown a written contract, Exhibit A, admitted the genuineness of his signature. Without any other proof of its execution, this contract was then introduced in evidence without objection by either defendant. It purports on its face to be executed by Ed. Churchill and "S. Holdridge."

The parol evidence introduced by the plaintiff had reference mainly to the defense of breach of warranty interposed by the defendant Churchill, but it tended to show that the negotiations with plaintiff for the purchase of the engine were entirely with Churchill, and that defendant Holdridge was not present when the contract was drawn up and signed by Churchill; also that, after the engine arrived at St. Charles, Churchill, Holdridge, and one Montgomery came there, and unloaded it from the car, and took it away, and that Holdridge personally paid the freight on it to McElhany, plaintiff's local agent, to whose care the engine was consigned. Upon this state of the evidence, when plaintiff rested, the court dismissed the action as to Holdridge on the ground that the plaintiff had failed to prove that he had executed the contract of purchase. In so doing we think the court was right.

Plaintiff's first contention is that, as Holdridge had not denied the execution of the contract on oath, it was admissible in evidence against him under G. S. 1894, § 5751, latter clause, without any proof of its execution by him. It is a sufficient answer to this to say that the instrument does not "purport" to be signed or executed by the defendant Holdridge. "S. Holdridge" and "C. S. Holdridge" are not the same name, either under the rule "idem sonans" or otherwise. Presumptively, they are two different persons. The fact that Holdridge did not object to the introduction of the contract is immaterial, for the reason that, when introduced, it proved nothing against him, for it did not purport to have been executed by him. To avail plaintiff anything, it was incumbent on it to prove that Holdridge executed it by the name of "S. Holdridge"; in other words, to identify him as the person who signed the contract by that name.

Plaintiff's second contention is that it did this by the parol evidence, at least, that the evidence on that point should have been submitted to the jury. We think not. To say nothing of the evidence tending to show that Holdridge did not execute the contract, the facts

on which plaintiff relies, to wit, that Holdridge assisted in taking away the engine, and personally paid the freight, were too ambiguous and equivocal in their probative force to furnish a sufficient basis upon which to find that he executed the contract.

Order affirmed.