CHARLES D'AUTREMONT and Others v. ANDERSON IRON COMPANY
and Another.[1]

May 1, 1908.

Nos. 15,759—(237).

**Jurisdiction of Nonresident.**

Errors and defects in the proceedings taken to obtain jurisdiction of nonresidents, of a nature tending to mislead and prejudice the defendant, are fatal to the jurisdiction of the court.

**Publication of Summons—Initial of Name.**

Though the failure to insert the middle initial of the defendant's name in a summons where service is made by publication might not be fatal error, the use of a wrong initial will not confer jurisdiction over the real party defendant.

**Same.**

The publication of a summons to "George H. Leslie" confers no jurisdiction over "George W. Leslie."

[1] Reported in 116 N. W. 357.

Application to the district court for St. Louis county to have the title to certain land registered. From a judgment entered pursuant to an order of Dibell, J., confirming title in the applicants subject to a claim of defendant Gaylord, applicants appealed. Affirmed.

*Henry S. Mahon* and *John G. Williams,* for appellants

*Sullivan & Grant,* for respondent Gaylord.

BROWN, J.

Proceedings to register title to real property under the Torrens system of land transfer. Respondent Gaylord had judgment confirming an asserted interest in the land, and applicants appealed.

The facts are as follows: The applicant, Charles D'Autremont, and others, including William C. Sherwood, were on May 15, 1897, and for some time prior thereto had been, the owners, but in separate and undivided interests, of the land in question. On that day a judgment was duly rendered in the district court of St. Louis county, in which the land is situated, in an action therein pending wherein George W. Leslie was plaintiff and the said William C. Sherwood was defendant, in favor of Leslie and against Sherwood for the sum of $2,091.52, which then became by the proper docketing thereof a lien upon Sherwood's interest in the land. Thereafter, on June 20, 1900, D'Autremont brought an action in the district court of said county for the partition of the land among the several owners. All persons having or claiming any interest in or to the land were made parties; Leslie being designated as a party defendant under the name of "George H. Leslie." The result of that action was a sale of the land by a referee appointed by the court for that purpose, a division of the same having been found impracticable, and D'Autremont became the purchaser. The sale was confirmed by the court, and a formal referee's deed executed and recorded on January 19, 1901. On September 29, 1902, said George W. Leslie duly sold and assigned the judgment against Sherwood to one Sarah L. McNulty, who in turn sold and assigned the same to respondent Gaylord; both instruments of assignment being filed in the office of the clerk of the district court. The proceeds realized from the lands in the partition proceedings were insufficient to discharge the numerous judgments against Sherwood, and no part of the judgment in favor of Leslie has ever been paid. Some time in 1906 Gaylord caused ex-

ecution to be issued on this judgment, under which the interest of Sherwood in and to the land was levied upon and sold; respondent Gaylord being the purchaser. In this proceeding to register title he asserted an interest in the land under and by virtue of this judgment, execution, and sale.

The sole question involved is whether the court acquired jurisdiction of George W. Leslie in the partition suit, so that the judgment rendered therein and the sale of the land by the referee extinguished the lien of his judgment against Sherwood. The summons in that action was served by publication, and, as already mentioned, designated "George H. Leslie" as defendant. It is the contention of appellant that the error in the name, the use of the initial "H." instead of "W.," was an irregularity not going to the jurisdiction of the court; while respondent contends that the error was fatal, and the publication of the summons conferred no jurisdiction upon the court to adjudicate the rights of "George W. Leslie." The trial court held with respondent, and that the lien of the Sherwood judgment was not affected by the proceedings or judgment in the partition suit. Though the partition suit was a proceeding in rem, the mere fact that the court acquired jurisdiction over the subject-matter thereof, the land, did not authorize it to adjudicate the rights or interest of parties, in the absence of proper service of summons upon them. Note to Pinney v. Investment Co., 50 L. R. A. 597; Windsor v. McVeigh, 93 U. S. 277, 23 L. Ed. 914; Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. 590, 32 L. Ed. 1001; Dorr's Adm'r v. Rohr, 82 Va. 359, 3 Am. St. 106. And we have for consideration the question whether the publication of the summons in the form stated was a valid service thereof upon "George W. Leslie," the real party in interest.

As a general rule, the common law recognizes but one Christian name, and failure in judicial or other proceedings in giving the name of the party to state his middle name, or the initial thereof as commonly used, is not fatal to their validity. But the rule, like most rules of judicial procedure, is not without exceptions. Stewart v. Colter, 31 Minn. 385, 18 N. W. 98; State v. Higgins, 60 Minn. 1, 61 N. W. 816, 27 L. R. A. 74, 51 Am. St. 490. It had its origin during the early times in England, when a person had but one name, and that his Christian name. His further identification was indicated by some

designated physical characteristic, place of residence, or deed of valor or virtue. Even since the adoption of the system of family names, the first or Christian name has been held by the courts of England as the true name, in legal proceedings, for the designation of persons; the middle name, or the initial thereof, being regarded as wholly unimportant. The rule has been followed and applied in proceedings both judicial and extrajudicial in this country, with occasional exceptions based upon special circumstances.

In all proceedings where an error in the name may be corrected by appropriate application to the court, or the particular person may be identified by extrinsic evidence, a mistake in the name appearing in the proceeding or writing involved is not ordinarily fatal to its validity. Our statutes, as do the statutes of nearly all the states of this country, provide for the correction of mistakes in the names of parties in judicial proceedings. R. L. 1905, § 4157; Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. 604; Kenyon v. Semon, 43 Minn. 180, 45 N. W. 10. In respect to similar mistakes in conveyances of land, mortgages, contracts, or statutory proceedings for the foreclosure of mortgages, the rules of evidence permit the full and complete identification of parties misnamed by error or mistake. Massillon E. & T. Co. v. Holdridge, 68 Minn. 393, 71 N. W. 399; Ansley v. Green, 82 Ga. 181, 7 S. E. 921. Of course, to authorize such amendments in judicial proceedings, the court must have jurisdiction of the parties and afford them an opportunity to be heard, and in other proceedings those interested in the subject-matter must also be before the court, with opportunity to be heard on the question of identity.

It has often been held that the failure in any proceeding, judicial or otherwise, to include the initial of the middle name is unimportant, and not fatal to its validity. Cleveland v. Peirce, 34 Ind. App. 188, 72 N. E. 604; State v. Hughes, 31 Tenn. 261; King v. Clark, 7 Mo. 269. The rule has been declared otherwise, however, where a wrong initial is used, particularly in deeds or other instruments affecting the title to land. Ambs v. Chicago, St. P., M. & O. Ry. Co., 44 Minn. 266, 46 N. W. 321; Burford v. McCue, 53 Pa. St. 427. And there has been a tendency in some of the courts to break away from the old rule, and to hold the full true name of all parties essential in all

proceedings. Parker v. Parker, 146 Mass. 321, 15 N. E. 902; Com. v. Buckley, 145 Mass. 181, 13 N. E. 368; Dutton v. Simmons, 65 Me. 583, 20 Am. 729; Ming v. Gwatkin, 6 Rand. (Va.) 551; Bowen v. Mulford, 10 N. J. L. 230. In most states it is held, in both civil and criminal actions, that an omission or the use of a wrong initial does not affect the jurisdiction of the court, where the right party is actually served with process and brought into court. Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. 604; 14 Enc. Pl. & Pr. 301, and cases cited.

There is reason and sound sense in that view of the law. In such case the right party is actually served, and the error may be corrected without prejudice to any of his rights. Only an extremely technical view sustains the position that in such cases the error is fatal. Casper v. Klippen, supra, overruling Atwood v. Landis, 22 Minn. 558. But should the same liberal view be taken where the defendant is only constructively served with summons, as in the case at bar, by publication? We think not.

The reasons for disregarding the error where there is personal service upon the right party do not apply where the only service is by publication against a nonresident of the state. In a case of that kind the true name of the party becomes of especial importance. It is well known that there are numerous persons having the same Christian and surname, but with a different middle name, such as John O. Johnson, John A. Johnson, and John M. Johnson, James A. Green, and James E. Green, and they are each identified and distinguished by the initial of the middle name. It would be intolerable in the practical affairs of life if persons by the name of Johnson, Green, or Brown, or even the numerous Jones family, should be required to take notice of every action brought by the publication of summons in which a part of his name appeared as the party defendant. No personal service is made in such cases, and that the real defendant has knowledge of the pendency of the action is an inference of the law only, and the use of a wrong initial is naturally misleading and likely to result to his prejudice. The statute authorizing this form of process is in derogation of the common law, and the mode prescribed must be strictly pursued. Reno, Nonresidents, § 190; Gilmore v. Lampman, 86 Minn. 493, 90 N. W. 1113, 91 Am. St. 376; Duxbury v. Dahle, 78 Minn. 427, 81

N. W. 198, 79 Am. St. 408. This method of acquiring jurisdiction and adjudicating the rights of parties constitutes due process of law only when the statutes providing therefor have been fully and completely complied with. Corson v. Shoemaker, 55 Minn. 386, 388, 57 N. W. 134; Clary v. O'Shea, 72 Minn. 105, 75 N. W. 115, 71 Am. St. 485.

Some of the courts have held that the use of a wrong initial, or other error in defendant's name, not coming within the rule of idem sonans, where the summons is served by publication, is not a compliance with the statute, and is fatal to the jurisdiction of the court. 66 Cent. Law J. 338; 14 Enc. Pl. & Pr. 302, and cases cited in note; Cleveland v. Peirce, 34 Ind. App. 188, 72 N. E. 604; State v. Hughes, 31 Tenn. 261; King v. Clark, 7 Mo. 269; Fanning v. Krapfl, 61 Iowa, 417, 14 N. W. 727, 16 N. W. 293; Enewold v. Olsen, 39 Neb. 59, 57 N. W. 765, 22 L. R. A. 573, 42 Am. St. 557; Skelton v. Sackett, 91 Mo. 377, 3 S. W. 874; Freeman v. Hawkins, 77 Tex. 499, 14 S. W. 364, 19 Am. St. 769; Fitzgerald v. Salentine, 51 Mass. 436; Parker v. Parker, 146 Mass. 320, 15 N. E. 902; Davis v. Steeps, 87 Wis. 472, 58 N. W. 769, 23 L. R. A. 818, 41 Am. St. 51; 1 Black on Judgments, § 232. The cases just cited are not all precisely in point, but they are analogous, and bear out the claim that a service by publication, where there is a substantial error in the name of the defendant, confers no jurisdiction on the court. We are not prepared to say that the mere omission of the middle name, or the initial thereof, would wholly nullify the proceedings; but where, as in this case, there is an attempt to give the full name of the defendant, and a wrong initial is used, it must, in view of the very common practice of identifying particular individuals by adding their middle name, be held that the error is misleading, and likely to result in prejudice to those who may perchance notice the same as published in the newspaper. It would be straining the rule requiring a strict observance of the statute permitting service of process in this manner to hold an error so likely to mislead and prejudice an irregularity only.

As bearing upon the question of jurisdiction, numerous instances are reported in the books where errors and defects of far less significance than the one here presented have been held to wholly vitiate a judgment based upon this form of constructive service. In Barber

v. Morris, 37 Minn. 194, 33 N. W. 559, 5 Am. St. 836, and Brown v. St. Paul & N. P. Ry. Co., 38 Minn. 506; 38 N. W. 698, judgments were held void on collateral attack for the failure of the plaintiff to file his affidavit for publication within the time prescribed by statute. In the first of these cases the affidavit was not filed until the day of the entry of judgment. In the second case, a condemnation proceeding, the affidavit was not filed until after the summons had been published. An affidavit filed two days after the first publication was held insufficient in Murphy v. Lyons, 19 Neb. 689, 28 N. W. 328. If the affidavit be technically, in point of substance, not in compliance with the statute, a judgment rendered on service by publication is void. Carrico v. Tarwater, 103 Ind. 86, 2 N. E. 227, where the affidavit fails to show that the action is one in which service by publication is authorized; Harris v. Claflin, 36 Kan. 543, 13 Pac. 830; Nelson v. Rountree, 23 Wis. 367; Forbes v. Hyde, 31 Cal. 342. Insufficiently specific as to due diligence in ascertaining the residence of the defendant. Little v. Chambers, 27 Iowa, 522. In Illinois the statute requires the issuing and return of process "not found" before publication, and a judgment rendered upon such service without the return was held void in Chickering v. Failes, 26 Ill. 507, and also in Firebaugh v. Hall, 63 Ill. 81. If the affidavit be not made by all the plaintiffs, where two or more join in bringing the action, the judgment rendered is void. Kane v. Rock River Canal Co., 15 Wis. 179; Mecklem v. Blake, 19 Wis. 397. And also where the sheriff fails in observance of the statutory requirement to continue in an effort to find the defendant in the state pending publication. Israel v. Arthur, 7 Colo. 5, 1 Pac. 438; Kennedy v. Lamb, 182 N. Y. 228, 74 N. E. 834, 108 Am. St. 800. And where the summons is defectively addressed to defendant. Durst v. Ernst, 45 Misc. 627, 91 N. Y. Supp. 13. See also, Vanfleet, Collateral Attack, §§ 331, 348; 6 Current Law, 1090, and cases cited.

There is a conflict in the adjudicated cases upon the question whether defects of the nature of those here mentioned are jurisdictional. Many courts hold to the doctrine that a judgment rendered in the face of such defects is not rendered absolutely void, but irregular, and that the irregularity may be corrected by motion. But the two Minnesota cases above referred to settle the rule in this state, and

are in harmony with the general principle that to confer jurisdiction in cases of this kind the statutes must be strictly complied with. 1 Black, Judg. § 232.

But we need not pursue this subject. Reference is made to it only to emphasize the importance given by many courts to errors and defects in the proceedings leading up to the service of summons by publication. The affidavit of publication in such cases is not filed, nor required to be filed, for the information of defendant. He receives no benefit therefrom by way of notice of the suit or otherwise, nor by the sheriff's certificate of "Not found," nor from the order for publication, where an order is required; and if a judgment rendered on service by publication is void for want of jurisdiction for errors in these respects, and in others pointed out in the decisions referred to, for a stronger reason should the error of misnaming defendant be fatal, where the error does not come within the rule of idem sonans, and is such as is likely to mislead and result in his prejudice.

In Ambs v. Chicago, St. P., M. & O. Ry. Co., 44 Minn. 266, 46 N. W. 321, it appeared that the land there in question was at one time conveyed to "William H. Brown," and the chain of title disclosed a subsequent conveyance from "William B. Brown." The court there held, Judge Dickinson writing the opinion, that there was no presumption that the two Browns were one and the same person. If that be sound as to private writings, and we have no reason to question the decision, it follows naturally that the same rule should be applied to a judicial proceeding like that at bar, and, if so, we have no right to assume that "George W. Leslie" and "George H. Leslie" are one and the same person.

It is urged by appellant that inasmuch as, in cases where the summons in an action is served by publication, the defendant may, upon good cause shown, which has been construed as an answer stating a defense, come in and defend the action within a year after notice of its entry, the court should be more liberal in the consideration of errors of the character of those here involved, citing Quarl v. Abbett, 102 Ind. 233, 1 N. E. 476, 52 Am. 662. But we are not persuaded by this argument. If the error in the name is jurisdictional, as we hold, judgment entered is void, and to adopt the contention of appellant would result in compelling a defendant in a particular case to waive the want

of jurisdiction in the court to enter judgment against him and to come to this state and litigate the cause on its merits. This the court has no right to do. The law providing for the manner of acquiring jurisdiction over nonresidents is plain, and should not be ignored, even in a case of apparent hardship. We are sustained in this view by the supreme court of Michigan in the case of Granger v. Judge, 44 Mich. 384, 6 N. W. 848, where the court speaking through Justice Campbell, said "Where cases and proceedings are not according to the usual course, and are special in their character, they are held void on slighter grounds than regular suits, because the courts have not the same power over their records to correct them. So where there has been no personal service within the jurisdiction, the doctrine prevails that proceedings not conforming to the statutes are void. But this is on the ground that there has been no service whatever, and the party therefore has not been notified in any proper way of anything."

Counsel called attention to the case of Illinois v. Hasenwinkle, 232 Ill. 224, 83 N. E. 815. While the court in that case in the course of the opinion said that the use of a wrong initial of the middle name of a nonresident defendant in condemnation proceedings would not necessarily render the judgment therein void, the real ground of the decision there made was that the defendant, so erroneously named, had permitted the judgment to remain unquestioned for over fifty years, during which time the railroad company had occupied the premises granted by the judgment as its right of way.

We therefore hold, in harmony with the views of the learned trial court, that the publication of the summons in the partition suit directed to "George H. Leslie" did not confer jurisdiction upon the court to adjudicate the rights of "George W. Leslie."

Judgment affirmed.