Whether the discharge and certificate of a bankrupt, under the late bankrupt act, will operate as a discharge of a particular debt, contract or other engagement, when properly set up, depends entirely upon the question whether the debt, contract or other engagement, was provable under the act. Section four of the act provides that the discharge and certificate "when duly granted, shall in all courts of justice, be deemed a full and complete discharge of all debts, contracts and other engagements of such bankrupt, which are provable under this act." And section five declares that "all creditors whose debts *Page 606 
are not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, sureties, indorsers, bail, or other persons,
having uncertain or contingent demands against such bankrupt, shall be permitted to come in and prove such debts or claims under this act, and shall have a right, when their debts and claims become absolute, to have the same allowed them; and such annuitants and holders of debts payable in future, may have the present value thereof ascertained, under the direction of such court, and allowed them accordingly, as debts in presenti."
It is clear that the plaintiff, at the time when the defendant presented his petition, was not his creditor for the demand he now seeks to recover of him. He did not at that time belong to that class mentioned in the fifth section as "creditors whose debts are not due and payable until a future day." And whether he can be said to come within the description of "other persons having uncertain or contingent demands against such bankrupt," it is not necessary to determine in this cause. For if the plaintiff stood in the relation of a surety to the defendant, at the time of the presentation of his petition, in respect of the debt due to Johnson, he could have come in under the act and proved his claim, although the debt to Johnson had not then been paid by him, and therefore it would be barred by the certificate and discharge of the defendant. (Mace v. Wells, 7 Howard, 272.)
When the parties executed their bond to Johnson they became as between him and them, joint debtors for the whole debt, yet as between themselves the debt was divided, and each thereby in respect to the other, was placed in the situation of a surety for one half of the debt. (1 Pothier by Evans, N. 264.) And when the plaintiff conveyed his half of the mortgaged premises to the defendant, and he in consideration thereof, covenanted with him to pay the entire debt to Johnson, their former relation, as between themselves was changed. The defendant in respect to that debt then became, in equity, the principal debtor to Johnson, and the plaintiff was placed in the situation of surety for him. (Marsh v. Pike, 1 Sandf. Ch. R. 210: S.C. 10 Paige,
595.) It can make no difference whether the *Page 607 
plaintiff was originally a surety or becomes so afterwards. (Filbry v. Landford, 3 Man. Granger, 468; Wood v.Dodgson, 2 Maule Selw. 195; Butcher v. Forman, 6Hill, 583.)
The plaintiff is mistaken in supposing that it makes any difference whether the debt was due and payable, or not, at the time when the bankrupt presented his petition, in order that his certificate and discharge should have the effect to bar the claim of his surety, who subsequently is compelled to pay the debt. It depends not upon the fact that the debt was then payable or paid. It is enough that the party stands in the relation ofsurety to the bankrupt, and as such, liable to pay the debt. That relation authorizes him to come in and prove his claim under the act. (Butcher v. Forman, supra; Morse v. Hovey, 1Sandf. Ch. R. 188; S.C. 1 Barb. Ch. 404.) I am of the opinion that the judgment should be affirmed.
Judgment affirmed.
 *Page 9