## J. L. LENOIR v. RITTENHOUSE MOORE.

PRACTICE.  ISSUE.  *Verdict.  Payment.*
  Verdict for a defendant who pleads payment in a suit against him and another on their joint note discharges both.

APPEAL from the Circuit Court of Monroe County.

HON. J. W. BUCHANAN, Judge.

*Houston & Reynolds,* for the appellant.

A verdict will not be set aside because of the omission of the jury to pass upon all the issues, unless the omission prejudices the party complaining. *White* v. *Bailey,* 14 Conn. 276. Failure to decide the issue as to Hoskins & Bro. The subsequent judgment should be set aside and judgment entered in the appellant's favor on the first verdict.

*R. O. Reynolds,* on same side, argued the case orally.

*George C. Paine,* on the same side.

*McFarland & Paine,* on the same side.

*Murphy, Sykes & Bristow,* for the appellee.

The circuit court was right in sustaining the motion in arrest of judgment. The grounds of the court's action must be found on the face of the record. 2 Graham & Waterman on New Trials 325. Payment is the issue presented by the record. The defendants jointly, and the appellant separately, so pleaded. The verdict must be for all the defendants or against all. Otherwise it is not responsive to the issue. This is not affected by Code 1880, § 1732. A verdict which determines only a part of the issue is void. 1 Graham & Waterman on New Trials 140, and cases cited. The jury have not tried the full issue wherewith they were charged. *Miller* v. *Trets,* 1 Ld. Raym. 324; *Patterson* v. *United States,* 2 Wheat. 221; 1 Graham & Waterman on New Trials 140, 142.

COOPER, J., delivered the opinion of the court.

This is a suit brought by the appellee against the appellant and the firm of Hoskins & Brother on a promissory note. The defendants pleaded jointly two pleas of payment, one being general

in its terms, and the other setting up the special manner in which the payment had been made. Both pleas were of payment in full. By agreement of counsel it was provided that the appellant should be considered as having pleaded the same pleas alone. The cause was submitted on these pleas to the jury, which returned this verdict: "We the jury render verdict in favor of James L. Lenoir, defendant."

The plaintiff moved to arrest the judgment on this verdict, because it did not find all of the issue submitted to them, being silent as to the defendants, Hoskins & Brother. This motion was sustained, the judgment was arrested and a new trial awarded. To this action of the court the defendant Lenoir excepted, and the subsequent trial having resulted in a verdict and judgment against him, he now appeals and assigns as error the action of the court in arresting the judgment on the first verdict.

The matter pleaded by the defendants went to the absolute discharge of the obligation sued on, and if the verdict was rightly found as to one defendant, its legal effect was to discharge them all. If there had been a default taken against Hoskins & Brother, and the cause had then been submitted to the jury on the plea of payment by Lenoir, and the issue had been found for him, the plaintiff could not have taken judgment on the default against Hoskins & Brother, for the successful defense of Lenoir would have enured to their benefit. Graham's Practice 321; *Tuttle* v. *Cooper*, 10 Pick. 281.

If the plea of Lenoir had been of any defense personal to himself the verdict would have been defective, as not disposing of the issues submitted as to the other defendants, but payment by one defendant was payment by all, and the judgment should have been for all on the verdict returned.

*The judgment is reversed and a judgment entered here on the first verdict.*