## FITCH v. HAMMER.

1. CONSTRUCTION OF ATTACHMENT ACT.—Plaintiffs had been sureties for defendant upon a promissory note which the defendant failing to pay, they paid and procured to be assigned to them. In this action against the principal maker of the note, they caused an attachment to be issued upon the ground that the suit was brought upon an overdue promissory note ; *held*, the statute was not intended to cover such a case and that the defendant's motion to dissolve the attachment should have been sustained.

2. PAYMENT OF NOTE BY ONE, DISCHARGES ALL.—The payment of a negotiable instrument by one of several joint debtors is a discharge of the debt as to all.

3. PAYMENT BY SURETY—SUBROGATION.—Where securities are given by the principal debtor a surety paying the note is subrogated to the right of the payee against the maker upon such securities. This is an equitable exception to the rule, that payment by one joint debtor discharges the debt as to all.

4. ACTION BY SURETY.—A surety having paid the obligation has a right of action against the principal maker for reimbursement.

5. JUDGMENT.—A judgment may be affirmed in part and reversed in part.

*Appeal from County Court of Douglas County.*

This is a suit upon a promissory note. The note is set forth *in hæc verba* in the complaint, and reads as follows:

"$577                CASTLE ROCK, Colo. July 21, 1886.

"One year after date I promise to pay to the order of E. R. Benton, $577 at Castle Rock, value received, with interest at one per cent per month until paid, interest payable every six months.

(Signed)              DANIEL FITCH,<br>HUGH TAYLOR,<br>BENJ. HAMMER."

It it further alleged that as between the plaintiff and defendant herein, the defendant was as aforesaid the principal maker of said note and that plaintiffs were sureties only upon the same, having signed the note at the request and for the accommodation of the defendant. That the defendant failed, neglected and refused to pay said note, and that after maturity and before the beginning of this action, the payee of the note in consideration of the payment to him by these plaintiffs to the amount due thereon, duly transferred and assigned the note by indorsement thereon, under his hand, to these plaintiffs, who are and ever since have been the owners and holders thereof. That defendant has not paid said note or any part thereof. Demand for judgment.

At the time of filing this complaint, the plaintiffs filed an affidavit in attachment alleging as the sole ground for the attachment that the suit was brought upon an overdue promissory note. Thereafter, the defendant appeared and moved to dissolve the attachment for the following reason, among others: That it appears by the complaint that the note cannot now form the basis of an action, and that no attachment or action can be maintained thereon. After argument of counsel, the court refused to dissolve the attachment. Thereafter the defendant appeared and made answer, admitting the execution of the note, but raising an issue of fact upon the question of the transfer thereof, and alleging that defendant had made a certain small payment upon said note. Upon these issues the cause was tried to the court without

a jury. Upon this trial the following facts were admitted or proven by sufficient evidence: That after the note sued upon fell due and before the commencement of the action, plaintiffs went to the payee named in said note, who was then the holder and owner of the same, and took the same up by giving a new note payable one year after the date thereof for the amount of the original note and interest. This new note was signed by plaintiffs only, and in consideration of which the payee of the original note indorsed the same to the order of plaintiffs and delivered it to plaintiffs. The making of the original note as set forth in the complaint, and the fact that the plaintiffs signed the same for the accommodation of defendant were admitted. It was also admitted that defendant had paid a small amount of interest upon said note. The foregoing was in substance all the evidence adduced from plaintiffs in support of the issues herein, and thereupon the defendant moved the court for a judgment of nonsuit. This motion was overruled by the court. The defendant declining to introduce further testimony, judgment was rendered for plaintiffs for the amount paid by them, and ordering the attached property to be held in satisfaction thereof. To reverse this judgment, the cause was brought here by appeal.

Mr. Wm. Dillon, for appellant.

Mr. I. E. Barnum and Mr. Hugh Taylor, for appellees.

Chief Justice Hayt delivered the opinion of the court.

The attachment in this case is sought to be maintained solely upon the thirteenth ground of attachment as found in the Code, to wit: ·that the action is brought upon an overdue promissory note for the direct and unconditional payment of money only.

We do not think that this section was intended to cover a case of this kind. The payee named in the note, after maturity, might have maintained an attachment under this section, against the makers, and for this reason it is claimed that

he could assign such right to the accommodation makers to be used in their favor against one for whose benefit the instrument was made and who with them was jointly indebted upon the same. From the allegations of the bill, and the conceded facts in the case, it appears that appellees stood in a dual relation upon this paper. As to the payee named therein, E. R. Benton, they were makers of the note and jointly and severally liable to him for the full amount thereof. As between themselves, however, and Daniel Fitch, it appears that they were accommodation makers only, the note having been made for the benefit of Fitch alone. As accommodation makers they stood as to Fitch in the attitude of sureties upon the note.

The proof shows that they were discharged and the note surrendered to them. It is well settled by the general commercial law that where payment is made by one of several joint debtors upon a negotiable instrument, it is a discharge of the debt as to all. And this result cannot be evaded by any change in the mere form which the transaction may assume. An indorsement or assignment of the note cannot serve to keep the note itself alive so as to be made the basis of a suit. Where the payment is made by a surety he is in equity subrogated to the right of the creditor as against the maker of the note, so far as the securities given by the maker are concerned. This is an equitable exception to the rule, that payment by one joint debtor discharges the debt as to all. Under it, the obligation is still held in force for the purpose only of permitting the surety to avail himself of such securities as have been given by the principal debtor. Collateral securities are mere incidents of the debt, and where the debt has been discharged the securities cannot be made available; hence the necessity for the equitable exception now generally recognized.

In the present instance no securities of any kind appear to have been given by the principal maker of the note, and for this reason alone the equitable rule cannot be relied upon in this case. This not being a case in which the suit can be

maintained upon the original obligation, the remedy by attachment based upon the thirteenth section must be denied.

An examination of the complaint will show, however, that all the facts are therein pleaded which are necessary to sustain the money judgment rendered against appellant. The making of the note is alleged, and a copy thereof set forth in the pleading. It is further alleged, that the appellant Fitch was the principal maker of the note and that appellees were accommodation makers only. That Fitch has not paid the note or any part thereof and that appellees have satisfied the note. These facts were conceded upon the trial, and upon the plainest principles the accommodation makers or sureties may recover of the principal maker the amount paid for his benefit. *Pray v. Maine*, 7 Cush. 253; *Gordan v. Wansey*, 21 Cal. 77; *New Bedford v. Hathaway*, 134 Mass. 69.

It is contended in this case, however, that as the affidavit for attachment states that the suit is brought upon a promissory note appellees are bound by such statement and cannot recover, because the allegations of the complaint are narrowed by such statement. As we have seen, the complaint states a cause of action. This cause of action is sustained by the proofs. The remedy by attachment with us is ancillary only. Under these circumstances, we know of no principle of law which would defeat appellees' recovery by reason of their having alleged as a ground for the attachment matters which did not warrant the issuance of the writ. The judgment against appellant for the amount of the note and interest is right, and is accordingly affirmed. The judgment sustaining the attachment will be reversed, appellees to pay the costs of the attachment proceedings and the costs in this court.

*Judgment modified.*