19   397
21   277

SWEM ET AL., PLAINTIFFS IN ERROR, v. NEWELL, DE-
FENDANT IN ERROR.

1. PRACTICE—FORM OF SUMMONS.
Section 34 of the Civil Code of 1887 did not require that a summons
should contain a statement of the nature of the action, if a copy of
the complaint was served therewith; and when the return of the
sheriff showed that a copy of the complaint had been served with
the summons, the court acquired jurisdiction to enter the default
of the defendant on his failure to appear.

2. PAYMENT.
The payment of a joint promissory note by one of its makers operates
as a full satisfaction thereof, and it cannot be thereafter enforced
against the other joint makers at the suit of the one who paid it,
although it may have been assigned to him.

3. ACTION BY SURETY.
A surety who has paid an obligation has a right of action against his
principal for the amount paid, and also against his cosureties for
contribution.

*Error to the County Court of Arapahoe County.*

METTA S. NEWELL, the plaintiff below, as the sole heir of
Henry Sparnick, deceased, instituted this action in the county
court of Arapahoe county to recover from James M. Swem
and J. T. Younker, the defendants below, upon a certain prom-
issory note.   Her complaint is in substance as follows :

That on the 28th day of April, 1883, the defendants, to-
gether with Henry Sparnick, now deceased, by their prom-
issory note promised to pay to the order of Robert A. Young
$300, sixty days after date.

That the said Robert Young sold and delivered said note
to Henry Sparnick on the second day of August, 1883, for a
valuable consideration ; that a true and exact copy of this
note is as follows :

" $300.                         DENVER, April 28, 1883.

" Sixty days after date we promise to pay to the order of
Robert A. Young three hundred dollars, at the Colorado

National Bank, value received, with interest at one per cent per month.

　　　　　(Signed)　　　　　　" J. M. SWEM,
　　　　　　　　　　　　　　　　" HENRY SPARNICK,
　　　　　　　　　　　　　　　　" J. T. YOUNKER.

" No.　　　　Due June 28–30."

Upon the back of the note were the following indorsements:

　　　　　　　　　　　" DENVER, Colorado, Aug. 2, 1883.

" For and in consideration of the sum of $309.60, being principal of this note, and interest to date, I hereby assign the same to　　　(Signed)　　　HENRY SPARNICK.
　　　　　　　　　　　　　　　　" R. A. YOUNG.

" August 2d, paid on within note, by J. M. Swem, $100."

That plaintiff is the sole heir and distributee of the said Henry Sparnick, deceased; that the amount of said note, together with the rate of interest therein specified, computed up to date, is $352.35.

Wherefore, plaintiff demands judgment against the defendants and each of them for the full sum of $352.35 and her costs. The summons issued was in the following form:

Title of case; names of defendants.

" You are hereby required to appear in an action brought against you by the above named plaintiff, in the County Court of Arapahoe County, State of Colorado, and answer the complaint therein within twenty days after the service hereof, * * * or judgment by default will be taken against you, according to the prayer of the complainant."

" Return of sheriff certifying service of summons, and complainant at Denver on defendants Swem and Younker."

Swem failing to appear, default was entered against him. Defendant Younker appeared and filed a general demurrer on the ground that the complaint did not set forth a good cause of action. The demurrer was overruled, and Younker, failing to answer, judgment was rendered upon the complaint against the defendants jointly, for the balance of the principal of said note together with interest, amounting to the sum of

$326.56. To reverse this judgment defendants below prosecute this writ of error.

Mr. S. P. ROSE, for plaintiffs in error.

Messrs. HORN & CASSIDY, for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

It is urged on the part of Swem that the summons served was insufficient to confer jurisdiction upon the court to enter a judgment by default against him, for the reason that it contains no statement of the nature of the action. This objection is without merit. By the express provisions of section 34, Code of 1887, in force at the time this action was commenced, a summons need not contain such statement if a copy of the complaint was served therewith; and by section 35 the form of summons that may be used in case a copy of the complaint is served, is prescribed. The summons in this case is in exact conformity with the form so prescribed, and it appearing by the return of the sheriff thereon that a copy of the complaint was served therewith, the court acquired jurisdiction to enter default on his failure to appear.

The error assigned upon the overruling of the demurrer of defendant Younker and the entering of judgment on the complaint against both defendants presents, in our opinion, an objection fatal to the judgment. From the face of the note sued on, and the allegations of the complaint, it appears that Henry Sparnick was a joint maker, and the payment by him to Young, the payee, on the second of August, 1883, of the amount of the principal and interest then due, operated as a full satisfaction, and ended the life and existence of the note. It was thenceforth *functus officio*, and could not be enforced against the other joint makers. *Fitch v. Hammer*, 17 Colo. 591; *Edgerly v. Emerson*, 23 N. H. 555; *Sprague v. Ainsworth*, 40 Vt. 47; *Lenoir v. Rittenhouse*, 61 Miss. 400; *Adams v. Drake*, 11 Cush. 504; 3 Randolph on Com. Paper, § 1426.

"Payment by one of several joint debtors, although it be made by him in the form of a purchase, and be accompanied by an assignment of the debt, is still a discharge of the debt." *New Bedford Inst. for Savings v. Hathaway*, 134 Mass. 69.

It is contended in argument that Sparnick was an accommodation maker, and that the assignment of the note to him by Young evidences that fact. We are unable to see wherein such inference is deducible from the assignment, or that it constitutes any evidence of such fact, especially as against Swem and Younker. If such an inference could be indulged in it would not enable the plaintiff below to maintain an action on the note. As was said in *Fitch v. Hammer, supra:*

"An indorsement or assignment of the note cannot serve to keep the note itself alive so as to be made the basis of a suit. Where the payment is made by a surety he is in equity subrogated to the right of the creditor as against the maker of the note, so far as the securities given by the maker are concerned. This is an equitable exception to the rule, that payment by one joint debtor discharges the debt as to all. Under it, the obligation is still held in force for the purpose only of permitting the surety to avail himself of such securities as have been given by the principal debtor."

The right of plaintiff to sue the defendants as joint makers of the note for a contribution is undisputed; and if they are both principals and Sparnick merely a surety, she is entitled to recover the full amount of the money paid by him, from them both, either jointly or severally. On the other hand, if Swem only was the principal and Yonker a co-surety with Sparnick, her right of recovery would be different as against each, and in a proper action she would be entitled to recover from Yonker but one half of the amount paid by Sparnick. But no facts are alleged upon which a recovery in either of these respects can be had under this complaint. The judgment must therefore be reversed, and cause remanded.

*Reversed.*

MR. JUSTICE ELLIOTT did not sit at the hearing of this cause, nor participate in the decision.