### ALLEN v. SEE.

### In re SIMMONS.

### No. 4383.

United States Court of Appeals,
Tenth Circuit.

May 5, 1952.

Richard H. Shaw, Denver, Colo., for appellant.

William Hedges Robinson, Jr., Denver, Colo. (Shuteran and Harrington were with him on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Carl Monroe Simmons issued his promissory note, secured by chattel mortgage on his personal property, to the Littleton National Bank for $9,126.60, payable in twelve monthly installments. As a condition to the loan, appellee, Charles See, was required to execute a written guaranty to the bank, guaranteeing payment of the note. After making a number of monthly payments, Simmons defaulted in the remaining payments. Demand was made upon See under his guaranty and he was required to make good thereunder. In fulfillment of his obligation, he paid the bank the total sum of $4,563.30, consisting of the balance due on the note and $197.11 collection expenses and a collection fee of $300.00.

On November 28, 1949, Simmons filed a voluntary petition in bankruptcy, upon which he was adjudged a bankrupt. All the payments, except one, made by See were made prior to November 28, 1949. The final payment by him on the note in the sum of $1,521.10 was made December 5, 1949. The bankrupt's personal property covered by the bank's mortgage was sold

by the trustee for $6,000. See claimed this sum as proceeds of the security, contending that as subrogee to the bank's claim and security he was a secured creditor and as such was entitled to the proceeds of the sale of the mortgaged property. The trustees denied his claim as such and held that he had but a common claim, which he had failed to file. The district court on petition to review reversed, holding that as subrogee to the bank's claim he was a secured creditor. The trial court concluded that See was not entitled to credit for the two items of expense paid to the bank, which were incurred in the collection attempt from Simmons. The correctness of these issues are the questions involved on this appeal.

■ The trustee's position was that under the Bankruptcy Act the provability of a claim depends on its status at the time the petition is filed.[1] From this he argues that See could not be a secured creditor because at the time the petition was filed there was still some money due the bank and he, therefore, could not become subrogated to the rights of the bank, until its claim was paid in full. But as pointed out in the trial court's memorandum opinion, this fails to distinguish between the status of a debt and the status of a particular creditor. To be provable, a debt must exist at the date of the filing of the petition, and whether it is a secured or unsecured claim is also determined as of that date.

■■ On November 28, 1949, the day on which Simmons filed his petition in bankruptcy, the debt was in existence and was secured by the chattel mortgage on his property. See was a surety on this debt. His discharge of the obligation as such to the bank, by payment of the defaulted balance due the bank, did not discharge the obligation and bring into existence a new debt. It was the same debt. It is well settled that where one secondarily liable is called upon to make good on his obligation and pays the debt, he steps into the shoes of the former creditor. He becomes subrogated to all the rights of the creditor against the principal debtor, including the security given to secure the debt.[2] In fact, Section 57, sub. i of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. i, provides among others that where one secondarily liable discharges his obligation by payment of the principal debtor's obligation, he becomes subrogated to the rights of the creditor.

■ The right to subrogation does not depend upon whether the surety pays the principal creditor before or after an adjudication in bankruptcy. In either event, he is entitled to subrogation.[3]

■ It is urged that See's failure to comply with Section 57, sub. i of the Bankruptcy Act by failing to file his claim precludes recovery by him. Section 57, sub. i deals with the rights of one secondarily liable to a creditor of a bankrupt. It does not deal with secured claims held by the principal creditor. It speaks only of creditors' claims secured by the obligation of a surety or a guarantor and sets out the rights of the surety or guarantor, in the event that the principal creditor fails to assert his rights against the debtor. In substance, it provides that in such event the one secondarily liable may step in and prove the claim in the name of the principal creditor, or he may discharge the obligation and be subrogated to all the rights of the principal creditor against the debtor. The effect of this statute is that in the event of payment of the debt by the surety he steps into the shoes of the principal creditor.

■ The bank was a secured creditor. It was not required to prove its claim. It had a right to look to its security alone and, since concededly the security was worth less than the debt, it had a right to demand and receive from the trustee the security and, in the event of a sale, as here, the proceeds realized therefrom. When

---

1. 3 Collier, Bankruptcy, p. 1769.

2. 50 Am.Jur. 755; Fitch v. Hammer, 17 Colo. 591, 31 P. 336; Milner v. Eskridge, 62 Colo. 430, 163 P. 1115.

3. Hayer v. Comstock, 115 Iowa 187, 88 N.W. 351; In re Dillon, D.C., 100 F. 627; Rosenthal v. Nove, 175 Mass. 559, 56 N.E. 884; 3 Collier, Bankruptcy, p. 140.

See stepped into the shoes of the bank by payment of the obligation, these rights were likewise his. He was not required to file his claim. He had a right to look to the security alone, which now was his, and since it was sold by the trustee for less than the amount of the obligation due him, demand the proceeds therefrom.

 Appellee, See, complains of the court's judgment, allowing him only $4,263.30 instead of $6,000, the full amount realized from the sale of the securities.[4] Since appellee did not, however, perfect a cross-appeal from the judgment, he may not complain thereof in this proceeding and it is, therefore, not necessary to consider or set out in detail the correctness or fallacy of his contention in this respect.

Affirmed.

---

4. While See paid only $4,563.30 on the obligation, this amount together with expenses incurred by him in attempting to collect from Simmons and interest on the amount paid by him exceeded $6,000.