**In re Karl D. CHASEY, Debtor.**

**Bankruptcy No. 80–21519.**

United States Bankruptcy Court,
W. D. New York.

Jan. 5, 1982.

David MacKnight, Rochester, N. Y., for trustee.

J. Michael Jones, Geneseo, N. Y., for Gail Chasey.

Gary Lucas, Odessa, N. Y., for Agricul-ver, Inc.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The debtor, Karl Chasey, was individually indebted to the Bank of Castile in the approximate sum of $65,000. Gail Chasey, debtor's former wife, guaranteed his loans up to the sum of $50,000. As security for the payment of Karl's debts, both Gail and Karl mortgaged their interests in their marital residence to the Bank. The Bank also held, as security for Karl's debts, an assignment of Dreyfus Investment stock and a collateral security mortgage on Karl's interest in another piece of real estate.

The marital residence has been sold for $125,000 and the net proceeds of sale after deducting for expenses and a purchase money mortgage was $69,961.15. At this point in time, each one of the tenants in common had a $34,980.57 interest in the proceeds subject to the collateral security mortgage of the Bank of Castile. The Bank of Castile was then paid $50,000 of the net proceeds in partial satisfaction of Karl's debts secured by the collateral security mortgage executed by the Chaseys. The remaining fund of some $19,961.15 is now the subject of this dispute between the trustee and Gail Chasey.

Mrs. Chasey argues that upon payment to the Bank of $50,000 she was released from her guarantee and thus one-half of the remaining fund belongs to her free and clear of any lien. The trustee claims that the collateral security mortgage is a lien upon Mrs. Chasey's interest, notwithstanding she has no personal obligation to the Bank, since she mortgaged her interest in the property as security for Mr. Chasey's debt.

The trustee concedes that the Bank could release Mrs. Chasey's interest in the property, but says if the Bank were to do so, the debtor's other creditors (specifically a judgment lienor of the debtor) would be prejudiced. Thus, the trustee urges that the funds on hand should first be used to satisfy the mortgage debt to the Bank and the balance distributed one-half to Mrs. Chasey and the remainder "less the administrative

expenses incurred in obtaining approval of the sale and protecting the fund against erosion to [the judgment lienor]."

There appears to be some confusion about the nature and extent of the security interest Mrs. Chasey granted to the Bank. Both Mrs. Chasey and the trustee have characterized the collateral security mortgage as one securing Mrs. Chasey's guarantee of Karl's debts. If this were the case, satisfaction or release of Mrs. Chasey's guarantee would dissolve the mortgage she granted to the Bank. But, the grant of the mortgage was intended to secure all indebtedness held by the Bank against Karl or Gail, so the mortgage secured all of Karl's $65,000 debt. Therefore, whether or not Gail was released from her guarantee is irrelevant to the issue at bar.

The trustee is correct in saying the entire $20,000 fund is subject to the remaining $15,000 mortgage debt. However, the second part of the trustee's argument, that the remaining mortgage debt should be paid from the fund and the balance divided between Mrs. Chasey and the judgment creditor, is not supportable.

To the extent Gail Chasey is forced to pay Karl's debt to the Bank, she becomes subrogated to the rights of the Bank. 11 U.S.C. § 509. While it is not clear from the record just how much of Gail's interest in the sale proceeds were or will be applied to payment of Karl's debts, it is abundantly clear that her interest in the remaining funds is superior to the interests of the trustee or the judgment creditor and is subordinated only to the remaining lien of the Bank. 11 U.S.C. § 509(c).

In sum, the only parties having a claim to the $19,961.15 fund are Mrs. Chasey and the Bank. The Bank may or may not choose to enforce its remaining $15,000 lien (in whole or in part). It does hold other collateral for the debt. The remaining $19,961.15 fund should be released to Mrs. Chasey subject to the lien of the Bank and it is so ordered.