In re James J. LOMB t/a Fancy Foodstuffs, Debtor.

PITTSBURGH NATIONAL BANK, a National Banking Association, Movant

v.

James J. LOMB t/a Fancy Foodstuffs, Debtor and Joseph J. Bernstein, Esq., Trustee, Respondents.

Bankruptcy No. 85–2158PGH.

Motion No. 86–3779.

United States Bankruptcy Court, W.D. Pennsylvania.

June 23, 1987.

Joel M. Helmrich, Pittsburgh, Pa., for Pittsburgh Nat. Bank.

Neil Siegel, Pittsburgh, Pa., for trustee.

---

## MEMORANDUM AND ORDER

WARREN W. BENTZ, Bankruptcy Judge.

This 23 day of June, 1987, upon the trustee's request to apply the doctrine of marshalling against Pittsburgh National Bank in the above-captioned matter, after notice, hearings and consideration of the parties' briefs, there being no genuine issue as to any material fact, the legal issues being as follows:

(1) Whether a chapter 7 trustee may invoke the doctrine of marshalling against a secured creditor of the debtor so as to benefit the unsecured creditors of the estate; and

(2) If so, whether the elements required for proper application of the marshalling doctrine are present in this case; and it further appearing that assuming *arguendo* that a chapter 7 trustee has standing to invoke the doctrine of marshalling for the benefit of unsecured creditors and that the doctrine of marshalling should be applied against Pittsburgh National Bank on the facts herein presented, neither the unsecured creditors nor the debtor's estate would benefit from application of the doctrine of marshalling against Pittsburgh National Bank under the facts presented, since if Pittsburgh National Bank were ordered to satisfy its joint claim against the debtor and Charles E. Lomb, Sr. from Charles E. Lomb, Sr.'s assets before proceeding against the proceeds generated by the sale of the repossessed collateral, Charles E. Lomb, Sr. would be subrogated under Bankruptcy Code § 509 to all the rights of the secured creditor, Pittsburgh National Bank, there being no adequate grounds for equitable subordination of Charles E. Lomb, Sr.'s claim under § 510, and would thereby have the right to exhaust the subject collateral in satisfaction of his claim and leave the debtor's estate and the unsecured creditors in the same position they would have been in absent application of the marshalling doctrine; *see, e.g., In re Miller,* 72 B.R. 352, 353 (Bankr.W.D.Pa.1987) ("[o]nce the right to subrogation is established, the subrogee becomes subrogated to all rights of the

712

creditor against the principal debtor, including the security given to secure the debt"), *citing, Allen v. See,* 196 F.2d 608 (10th Cir.1952); *In re Blair Contracting Co., Inc.,* 21 B.R. 353 (Bankr.M.D.Fla. 1982); *In re Chasey,* 16 B.R. 347 (Bankr.W.D.N.Y.1982); *Sundheim v. Philadelphia School District,* 311 Pa. 90, 166 A. 365 (1933); *U.S. Steel Homes Credit Corp. v. South Shore Development Corp.,* 277 Pa. .Super. 308, 419 A.2d 785 (1980), it is therefore

ORDERED that the trustee's request for application of the doctrine of marshalling against Pittsburgh National Bank shall be, and hereby is, denied, and it is

FURTHER ORDERED that Pittsburgh National Bank's request for relief from the automatic stay shall be, and hereby is, granted so that Pittsburgh National Bank can foreclose on its security interest in the proceeds generated by the sale of the repossessed collateral and in the subject truck.