Arthur E. Matteson, Defendant in Error, v. Hamilton Dewar et al., Plaintiffs in Error.

Gen. No. 14,249.

BANKRUPTCY—*when discharge effective.* A discharge in bankruptcy is effective to relieve the bankrupt from the payment of an obligation represented by a note, even though the schedule filed by such bankrupt upon his application for relief referred to such debt as one based upon an open account. If the schedule is sufficient to place the debtor upon notice, the discharge will not become

ineffective merely because of incompleteness or lack of specificness in the scheduling of the debt in question.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in this court at the March term, 1908. Reversed and judgment here. Opinion filed February 15, 1909. Rehearing denied February 25, 1909.

ROSENBAUM & CAHN, for plaintiff in error.

GEORGE C. FRY, for defendant in error.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Defendant in error was plaintiff and plaintiffs in error were defendants in the trial court. The cause was tried by the court, without a jury, and the court found for the plaintiff and assessed his damages at the sum of $119.50. The suit was brought August 26, 1907, and was on a promissory note made by the defendants, of date December 1, 1905, for the sum of $107, with interest at 7 per cent. per annum, after maturity, payable in 60 days after date, to the order of A. E. Matteson. The note was put in evidence by the plaintiff.

George C. Fry, called by the plaintiff, testified that the note was delivered one or two days after its date. The defendants put in evidence a certified copy of an order of discharge in bankruptcy, rendered by the District Court of the United States for the Northern District of Illinois, October 15, 1907, and also a certified copy of Schedule A of Hamilton Dewar, bankrupt. The order is as follows:

"In the District Court of The United States of America, for the Northern District of Illinois,
Eastern Division.

Monday, June 3, 1907.

Present, the Honorable Kenesaw M. Landis, Judge.

Whereas, Hamilton Dewar, of Chicago, Ill., in said district, has been duly adjudged a bankrupt, under the Acts of Congress relating to bankruptcy, and appears

to have conformed to all the requirements of law in that behalf, it is therefore ordered by this court that said Hamilton Dewar be discharged from all debts and claims which are made provable by said acts against his estate, and which existed on the 3rd day of May, A. D. 1906, on which day the petition for adjudication was filed by him; excepting such debts as are by law exempted from the operation of a discharge in bankruptcy.''

In Schedule A, under the heading ''Creditors whose claims are unsecured,'' there appears the following in proper columns: ''A. E. Matteson, 39th and Cottage Grove, Chicago, Illinois. Open account, services, about $100.'' It appears from the certificate of the clerk that the schedule was attached to the petition in bankruptcy, which was filed May 3, 1906. It is contended by counsel for the defendants that the discharge in bankruptcy is *prima facie* evidence of the release of the bankrupt from all provable debts, and that, if the defendant Hamilton Dewar is within one of the exceptions of the act in respect to bankruptcy, the burden of so proving was on the plaintiff.

Counsel for the plaintiff, Matteson, contends that the burden is upon the defendant to prove that he is not within exception 3 of section 17 of the act of 1898 as amended February 5, 1903. The section is as follows:

''A discharge in bankruptcy shall release a bankrupt from all his provable debts, except such as,

''(1) Are due as a tax levied by the United States, the state, county, district or municipality in which he resides.

''(2) Are judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of wife or child, or for seduction of an unmarried female, or for criminal conversation.

''(3) Have not been duly scheduled in time for

proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or

"(4)    Were created by his fraud, embezzlement, misappropriation, or defalcation, while acting as an officer, or in any fiduciary capacity." U. S. Statutes at Large, Supplement 1903, p. 410.

It is contended that it was incumbent on the defendant to prove that he was not within exception 3; in other words, either to prove that his debt to the plaintiffs was duly scheduled, with the name of the plaintiff, his creditor, or to prove that the plaintiff had notice or actual knowledge of the proceeding. If the debt is properly scheduled, we think no further notice was required.

In Collier on Bankruptcy, 5th ed., p. 214, Subdivision 3, the author says: "Jurisdiction of the creditor now depends, not on the petition, but on the facts, either that the debt was 'duly scheduled, in time for proof and allowance,' or, if not, that the 'creditor had notice or actual knowledge of the proceedings in bankruptcy.'" A corollary from this is, that the filing a proper schedule in apt time is equivalent, in effect, to notice to, or actual knowledge of the creditor of the proceedings in bankruptcy, and *vice versa*. In the present case the defendants put in evidence a certified copy of a schedule which was attached to the petition in bankruptcy and filed with the petition May 3, 1906. The debt to the plaintiff was, therefore, "scheduled in time for proof and allowance." The language of exception 3 is, "except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt," etc. Collier, commenting on exception 3, says: "The cases thus far are uniform in interpreting the words of this subdivision to mean what they say," citing cases. Collier on Bankruptcy, p. 214, Subdn. 3. The schedule filed by the defendant

Hamilton Dewar contains the name and address of Matteson, the name of his creditor, and the amount of the debt, about $100. Counsel for plaintiff, in his argument, objects that the schedule, in stating the debt to be on open account, is not sufficient; that the debt described cannot be said to be the joint debt of the defendants for $107, evidenced by their note.

Collier, commenting on the statutory provision in reference to the schedule of provable debts, says: "Accuracy is not so important in stating the amount of the debt, its consideration, or when and where contracted; but these facts should be fully set out where possible." Collier on Bankruptcy, p. 109.

Manifestly, what is thus said by the author is true. The object of scheduling a provable debt is, that the creditor may have notice thereof, so that, if he desires to do so, he may prove his claim and participate in the assets of the bankruptcy, if any.

There can be no question, as we think, that if Hamilton Dewar had notified the plaintiff in writing that he had scheduled his indebtedness to him, in bankruptcy, in the manner in which he did schedule it, this would have been amply sufficient. We think the schedule in question sufficient.

It is not necessary to pass on the question, whether the burden was on the plaintiff or on the defendants, to show that the defendant, Hamilton Dewar, was not within exception 3 or section 17, inasmuch as the defendants put the schedule in evidence, and no question was raised on the trial in respect to the burden of proof.

The judgment being erroneous as to Hamilton Dewar was erroneous as to both defendants; therefore, it will be reversed and judgment will be entered here in favor of Arthur E. Matteson, the defendant in error, and against Mary Allene Dewar, plaintiff in error, for the sum of $107, with interest at the rate of 7 per cent. per annum from February 1, 1906.

*Reversed and judgment here.*