## NORTHERN COMMERCIAL COMPANY v. G. C. HARTKE.[1]

March 18, 1910.

Nos. 16,390—(198).

**Discharge in Bankruptcy.**

A discharge in bankruptcy releases the bankrupt from the obligation of a promissory note executed by him and listed in his schedule of indebtedness, and upon which note the middle initial of the bankkrupt's name is different from that given in the bankruptcy proceedings.

Action in the district court for Clay county to recover $100 upon a promissory note. In his answer defendant set up his discharge in bankruptcy on May 3, 1904, by the district court of the United States for the Sixth district of Minnesota, and that the cause of action set out in the complaint was a debt provable against his estate in bankruptcy and set out in his schedule of debts filed in that court. The facts are stated in the opinion. The case was tried before Baxter, J., who made findings and dismissed the action. From the judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Sharp & Chapin,* for appellant.

*N. I. Johnson* and *Garfield Rustad,* for respondent.

[1]Reported in 125 N. W. 508.

O'BRIEN, J.

On November 2, 1903, the defendant executed and delivered his promissory note for $100, payable November 1, 1904, to the Ballard-Trimble Lumber Company, of Fargo, North Dakota. The defendant signed the note "G. C. Hartke." Before the maturity of the note the defendant, under the name of George A. Hartke, filed a petition in voluntary bankruptcy in the proper United States District Court, was duly adjudged bankrupt, and was discharged May 3, 1904, from all debts existing upon January 4, 1904. In the schedules filed by the defendant in the bankruptcy proceedings there was listed a promissory note for $105, contracted at Hawley, Minnesota, in 1903, the creditor named being the Ballard-Trimble Lumber Company, Fargo, North Dakota. Notice of the hearing upon the petition to be discharged appears by the certificate of the clerk to have been mailed to all known creditors.

The note sued upon was purchased by the plaintiff about March 1, 1908, and plaintiff contends that the bankruptcy proceedings, in which the defendant's name appeared as George A. Hartke, did not result in relieving him from the obligation of the note executed by him as G. C. Hartke, because, it is claimed, the notice to the Ballard-Trimble Company that George A. Hartke had been adjudged a bankrupt was no notice to them as to the note they held, signed by G. C. Hartke. There was no question as to Hartke's identity, nor that the same man who executed the note filed the petition in bankruptcy. The defendant testified that he had three initials, "G. A. C."; that sometimes he wrote his name " 'G. A.,' and sometimes 'G. C.' "; and, further, that the note sued upon was the only note given by him to the Ballard-Trimble Lumber Company. The case was tried by the court without a jury, and judgment directed and entered in favor of defendant.

At one time it was quite universally held that a middle initial formed no part of a person's name, and that any discrepancy in that respect would be disregarded. But this rule has been greatly modified by recent decisions, and now it is the rule that, where the wrong middle initial is used in a process the object of which is to acquire jurisdiction over the person whose name is incorrectly given, the error, particularly in the case of substituted service, is fatal.

D'Autremont v. Anderson Iron Co., 104 Minn. 165, 116 N. W. 357, 17 L.R.A.(N.S.) 236, 124 Am. St. 615. And where in a deed the grantor's name differs in this respect from the name in which the record title appears, it will not be presumed that the grantor was the owner. Ambs v. Chicago, St. P., M. & O. Ry. Co., 44 Minn. 266, 46 N. W. 321.

But in this case no question of jurisdiction exists. When the defendant filed the petition in bankruptcy, that court obtained full jurisdiction of his person and estate. The name of his creditor, the Ballard-Trimble Lumber Company, and its address, were correctly given, and the notice sent to them of the bankruptcy proceedings gave the court jurisdiction to adjudicate upon any claim which that company held and which was listed in the schedules filed by the bankrupt. The notice given to the lumber company was at least sufficient to put it upon inquiry, and it became its duty to protect any claim which it held against the defendant. There is no question that the debt which actually existed was due from the bankrupt, nor was there anything which would interfere with the full establishment of the claim by the lumber company. The note was not purchased by plaintiff until long after its dishonor and long after the bankruptcy proceedings, and plaintiff's rights, therefore, are no greater than were those of the lumber company. Our conclusion is that the defendant was by his discharge in bankruptcy relieved of his obligation upon the note, and that judgment was correctly entered in favor of the defendant.

Judgment affirmed.