(78 South. 869)

## DAVIS v. FINDLEY. (6 Div. 748.)
(Supreme Court of Alabama. April 4, 1918.)

1. PLEADING ⚭8(10) — CONCLUSION — DISCHARGE IN BANKRUPTCY.
In assumpsit, plaintiff's replication to defendant's plea of discharge in bankruptcy, failing wholly to allege the facts on which plaintiff relied to sustain his conclusion that his lien in attachment was acquired more than four months prior to the bankruptcy, was defective.

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. BANKRUPTCY ⚷438 — DISCHARGE — FAILURE TO SCHEDULE ASSET.

A debtor's fund in bank, not scheduled as an asset in his bankruptcy proceedings, nevertheless passed to him on his discharge.

3. APPEAL AND ERROR ⚷1040(8)—HARMLESS ERROR—DEMURRER TO REPLICATION.

Sustention of demurrer to a replication was harmless to plaintiff, where the question to which the replication was addressed was fully contested in the evidence, without any objection that the evidence was without the issues.

4. EVIDENCE ⚷345(2) — RECORDS — BANKRUPT'S SCHEDULE—AMENDMENT.

In assumpsit, wherein defendant pleaded a discharge in bankruptcy, the referee's notation, on a copy of the transcript of his docket transmitted to the court of bankruptcy, of the allowance of amendment of defendant's schedule by including plaintiff as a creditor, was sufficient to admit in evidence certificate from the referee showing the allowance of the amendment of schedule after suit brought by including plaintiff as a creditor, also to admit a copy of the transcript of the referee's docket; the schedule constituting a part of the record to be transmitted to the bankruptcy court, and formal judgment entry by the referee allowing the amendment, or a certified copy, not being the only competent evidence of its allowance.

5. BANKRUPTCY ⚷425—KNOWLEDGE OF PROCEEDINGS—BAR.

If a creditor had knowledge or notice, however acquired, of proceedings in bankruptcy against his debtor in time to prove his claim, his claim, whether scheduled or not, was barred by the debtor's discharge.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action in assumpsit by J. D. S. Davis against Adaline L. Findley. From judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The action began by suit on promissory note for the sum of $691.34 and attorney's fees, with writ of garnishment in aid thereof to the Jefferson County Bank. The bank answered indebted in the sum of 90 cents. Garnishment was also issued against the Traders' National Bank of Birmingham, and it answered indebted in the sum of $783. The answer disclosed the money was claimed by Adaline L. Findley as trustee. Defendant pleaded her discharge in bankruptcy on November 3, 1915. Plaintiff answered the plea by setting up (1) that the cause originated by a proceeding in attachment and garnishment more than four months prior to the alleged bankruptcy, and a lien in attachment was acquired more than four months prior to said alleged bankruptcy; (2) plaintiff had no notice of the filing of the petition in bankruptcy, or of the bankruptcy; and (3) that the funds sought to be subjected to the payment of the judgment were never included in the assets of the bankrupt. It appears from the record that the service of garnishment was had on the Jefferson County Bank on December 7, 1915, and notice issued to defendant on December 20, 1915, and that answer was made by the bank on January 7, 1916. It further appears that garnishment was issued to the Traders' National Bank on July 27, 1916, and answered August 30, 1916, and that the note was due April 10, 1911.

Oscar R. Hundley, of Birmingham, for appellant. G. W. Yancey, of Birmingham, for appellee.

SAYRE, J. [1] On the hypothesis that appellant, plaintiff below, is prosecuting this appeal with a purpose to reach and subject the sum of 90 cents, which is writ of garnishment found in the Jefferson County Bank, the matter attempted to be set up in his first replication to appellee's plea of discharge in bankruptcy would have been of some consequence, perhaps, if properly pleaded. But that replication, purporting to be a replication by way of confession and avoidance, was defective, in that it wholly failed to allege the facts upon which appellant relied to sustain his conclusion. If, on the other hand, we assume that the parties were contesting the right to the considerable sum found in the Traders' National Bank by appellant's subsequent writ of garnishment, it clearly appeared by record evidence that the replication could not be sustained. This merely serves to make plain the necessity for an allegation of something more than the mere conclusion of the pleader stated in the replication, for it needs no argument to show that service of garnishment on the Jefferson County Bank could not fasten a lien on money in the Traders' Bank.

[2] The third replication was also bad, for that, if it intended to say, as probably it did, that the fund appellant sought to reach had not been scheduled, that was immaterial, since it nevertheless passed. 1 Remington Bankr. § 996.

[3] Probably appellant's second replication, being negative in character, was as fully stated as it needed to be; but the ruling by which the court sustained the demurrer to it worked no harm, for the reason that the question of notice to appellant, the question to which this replication was addressed, appears to have been fully contested in the evidence, without any objection that the evidence on this question was without the issues presented.

[4] The court allowed in evidence a certificate from the referee in bankruptcy by which, along with an exhibit thereto attached, it was made to appear that appellee was allowed to amend her schedule of assets and liabilities after this suit had been brought by including therein appellant as a creditor. A copy of the transcript of his docket, transmitted by the referee to the court of bankruptcy and remaining there as a part of the records of that court, and containing only the notation "schedule amended," was also admitted in evidence. The complaint against these rulings appears to be that there should

have been some formal judgment entry by the referee allowing the amendment; that such entry, or a certified copy thereof, would have been the only competent evidence of the allowance of the amendment; and that appellee should not have been allowed in this way to thwart the suit appellant had already brought in the state court. The proceeding for the amendment and its certification seem to have followed the statute. The amendment was, under the statute, allowable as of course at the time when it was allowed (Rem. Bankr. § 493); its certification was according to the statute (Act Cong. July 1, 1898, c. 541, § 21d, 30 Stat. 551 [U. S. Comp. St. 1916, § 9605]); nor does the statute require in terms or appear to contemplate any greater formality than was observed by the referee in this case. His notation of the allowance and filing of the amended schedule was sufficient, and the schedule itself constituted a part of the record to be transmitted to the court. Act, §§ 39, 42 (U. S. Comp. St. 1916, §§ 9623, 9626).

[5] It is further argued that appellant had not notice of the appellee's amended schedule, the only schedule in which appellant appeared as a creditor. From the agreed statement of facts into which the parties have entered, the court below, trying the cause without a jury, was justified in drawing the conclusion that appellant did have notice in fact of the pendency of the proceeding in which appellee was adjudicated a bankrupt and discharged of her debts, and, we may further remark, this also obviated any objection to the process by which appellant's debt was scheduled, for, if appellant had knowledge or notice, however acquired, of the proceedings in bankruptcy in time to prove his claim—and that was the case here—his claim was barred whether scheduled or not. 2 Rem. Bankr. §§ 2777-2779.

Judgment affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.