(121 So. 37)

## THOMAS v. WHITE. (7 Div. 808.)

Supreme Court of Alabama. March 21, 1929.

L. L. Crawford and C. A. Wolfes, both of Ft. Payne, for appellant.

John B. Isbell and W. J. Haralson, both of Ft. Payne, for appellee.

GARDNER, J. J. M. White signed as surety a promissory note executed to the Hamilton National Bank of Chattanooga, Tenn., by W. L. Thomas, R. A. Hales, and Wayne Colvin, as principals. The note was dated November 10, 1924, and due in 90 days after date. On January 7, 1925, W. L. Thomas filed his petition to be adjudged a bankrupt, and on April 14, 1925, decree of discharge was duly entered. On May 7, 1925, White paid the note to the Hamilton National Bank, and on December 7, 1926, instituted this suit to recover thereon against Thomas upon the theory of subrogation to the rights and title of said bank.

In answer to this suit Thomas pleaded his bankruptcy discharge, to which White replied that the debt had not been duly scheduled and no notice of the bankruptcy proceedings given him or the Hamilton National Bank.

The trial of the cause resulted in a verdict and judgment for plaintiff, from which defendant prosecutes this appeal.

The proof by defendant of his order of discharge in bankruptcy, which is presumed to cover all his debts, sufficed to shift the burden of proof to plaintiff of showing that such discharge is not operative as to his claim. Such was the express holding of this court in Bevis v. Gay, 212 Ala. 525, 103 So. 555. Though the surety pays the debt after the principal has been adjudged a bankrupt, yet his claim had its origin before bankruptcy and is a provable and dischargeable debt. 1 Remington on Bankruptcy, § 645; 11 Remington on Bankruptcy, § 2741; Kyle & Gunter v. Bostick, 10 Ala. 589; Kilpatrick v. U. S. Fid. & Guar. Co. (C. C. A.) 228 F. 587; Hayer v. Comstock, 115 Iowa, 187, 88 N. W. 351, 7 A. B. R. 493; 2 Collier on Bankruptcy (13th Ed.) p. 1398; In re Dillon (D. C.) 100 F. 627.

The Hamilton National Bank did not file its claim against the bankrupt, but, evidently, was content with the surety's responsibility. Plaintiff, the surety, had the right therefore to pay the debt and prove the claim against the bankrupt estate. Authorities, supra.

There was no effort on plaintiff's part to prove the averments of his replication that neither he nor the bank had notice of the bankruptcy proceeding. On the contrary, so far as plaintiff is concerned, it appears without dispute that he had notice of Thomas' bankruptcy within a few weeks after the filing of the petition, and within ample time to have proven the claim. In Davis v. Findley, 201 Ala. 515, 78 So. 869, it was held that knowledge or notice on the part of the creditor, however acquired, of the proceedings in bankruptcy, in time to prove his claim, bars the same whether scheduled or not. Clearly, therefore, plaintiff, standing upon his own individual rights, is barred by the decree.

It is insisted the debt due the bank was not "duly scheduled" within the meaning of the bankruptcy statute. 9 U. S. Comp. Stat. 1916, § 9601; 11 USCA § 35. The bankrupt's schedule of liabilities was offered in evidence, and it appears that this particular claim is described as a note in the sum of $1,500 signed by the bankrupt and said Colvin, Hales, and White. The note was payable direct to the Hamilton National Bank, and "payable at the Bank of Valley Head," but it appears the bankrupt was of the impression the note was payable to the Bank of Valley Head and by that bank transferred to the Hamilton National Bank. After showing that the note was so payable the schedule further recites: "This (referring to the note) I understand has been transferred to the Hamilton National Bank, Chattanooga, Tennessee." This error in the recollection of the bankrupt as to the exact method of the note's execution resulted in no erroneous description of the creditor involved, for the Hamilton National Bank of Chattanooga, Tennessee, is shown to be the interested party and scheduled as such. Without dispute it appears there was but one such note. It was signed by these four named individuals and was in the sum designated of $1,500. Certainly the creditor, the Hamilton Nation-

al Bank, could make no mistake as to the note, and the bankrupt officials could not err in giving said bank notice. "Accuracy is not so important in stating the amount of the debt, its consideration or when and where contracted." 1 Collier on Bankruptcy, p. 362. And, as said in Matteson v. Dewar, 146 Ill. App. 523: "The object of scheduling a provable debt is, that the creditor may have notice thereof, so that, if he desires to do so, he may prove his claim and participate in the assets of the bankruptcy, if any." In that case the debt which was evidenced by a note was scheduled as one on open account. To like general effect see Gatliff v. Mackey (Ky.) 104 S. W. 379, Northern Commercial Co. v. Hartke, 110 Minn. 338, 125 N. W. 508.

It is not insisted that sufficient address of the creditor was not made to appear. With this the authorities deal more strictly (Custard v. Wigderson, 130 Wis. 412, 110 N. W. 263, 17 A. B. R. 337, 10 Ann. Cas. 740; 1 Collier on Bankruptcy, p. 362; Schiller v. Weinstein, 47 Misc. Rep. 622, 94 N. Y. S. 763, 15 A. B. R. 183; citations to section 9601, 9 U. S. Comp. Stat. 1916; 11 USCA § 35); but, as no question of this character is here presented, it of course needs no consideration.

We are persuaded, therefore, that the original debt was duly scheduled with the name and address of the creditor. Moreover, it is to be observed that the statute as to the schedule of the debtor and the creditor (section 9601, U. S. Comp. Stat., supra) contains the proviso, "unless such creditor had notice or actual knowledge of the proceedings in bankruptcy," and, as previously noted, there was no effort to prove a lack of such notice or knowledge on the part of the creditor bank, the burden of proof resting upon the plaintiff. Under the uncontroverted facts, we entertain the view that the defendant was due the affirmative charge as requested, and for its refusal the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.