[Civ. No. 6736. Fourth Dist. Jan. 29, 1962.]

RALPH W. MINDESS et al., Plaintiffs and Respondents, v. ROBERT A. GOODMAN, Defendant and Appellant.

Burke Mathes for Defendant and Appellant.

No appearance for Plaintiffs and Respondents.

GRIFFIN, P. J.—Plaintiffs-respondents Ralph W. Mindess and wife brought this action against defendant-appellant Rob-

ert A. Goodman for a money judgment predicated upon an agreement or option dated September 22, 1956, to repurchase from plaintiffs certain shares of stock in two corporations for a minimum sum of $5,000. It is alleged that plaintiffs exercised the option on April 29, 1957, and defendant failed and refused to repurchase the stock. The agreement is set forth as exhibit A and the notice of exercise of the option as exhibit B and they are attached to the complaint. Defendant answered, admitted the allegations of the complaint, and, as a special defense, claimed that he was adjudicated a bankrupt on October 14, 1957; that the obligation sued upon was listed as one of the debts owed by him and that he was duly discharged on March 20, 1958.

Motion was made by plaintiffs to vacate the answer and to enter a summary judgment on the grounds that there was no defense to the action; that defendant admitted the allegations of the complaint; that there is no truth to defendant's allegations as reflected by public records of which the court may take judicial notice and that defendant's answer is a sham. Attached to the motion is a copy of the debtor's petition, dated October 10, 1957, and schedules of creditors in the bankruptcy court whose claims were unsecured. It shows the listed creditors and the amounts owing to them. Among the names listed are *Ben J.* Mindess and *David H.* Lasarow, in the sum of $5,000. William J. Lasarow is an attorney at law and acted as attorney for plaintiffs in transmitting the $5,000 here involved to defendant. The answer was ordered stricken and judgment was entered for $5,000 in favor of plaintiffs. On appeal, defendant contends (1) that where the judgment is entered under Code of Civil Procedure, section 437c, as this was, based upon the failure of defendant to list plaintiffs as creditors in his bankruptcy schedules and the plaintiffs have knowledge of the bankruptcy, an issue of fact is presented as to when and whether the plaintiffs had actual notice or knowledge of defendant's bankruptcy; (2) that where the defendant's contact with the plaintiffs was with the plaintiffs' brother and an attorney, who prepared all papers for plaintiffs, actual notice to and knowledge of the brother and the attorney of the pendency of the bankruptcy proceeding constitutes the giving of notice and knowledge of the proceedings to the plaintiffs.

Affidavits of both parties were considered in connection with the motion. Counsel for plaintiffs filed an affidavit dated March 14, 1960, reciting that he examined the petition in bank-

ruptcy and plaintiffs herein were not included among the creditors scheduled and listed in the bankruptcy proceeding.

Among the debts not affected by a discharge in bankruptcy are those that have not been duly scheduled in time for proof and allowance, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy. (Bankruptcy Act of 1938, § 17; 11 U.S.C. § 35.)

Plaintiffs' affidavit filed March 15, 1960, recites that they had no knowledge or notice that defendant filed a petition in bankruptcy in the United States District Court until after defendant's discharge and that the obligation upon which this cause of action is predicated was not among those discharged by said bankruptcy proceeding. Defendant Goodman, in a counteraffidavit, stated that about September 22, 1956, he stated to Ben J. Mindess that he wanted to procure an additional $5,000 from him to be used in his construction business; that at said time and place Ben J. Mindess told affiant that he did not have any more money available but that he would get it for him from his brother; that affiant had met the brother, Ralph Mindess, some weeks before; that thereafter, and on September 22, 1956, the said Ben J. Mindess brought affiant the instrument affixed to plaintiffs' complaint (exhibit A), affiant signed it and received plaintiffs' check for $5,000; that at said time and place affiant was told by Ben J. Mindess that he was borrowing the money for him from his brother; that affiant's bankruptcy schedules listed the said Ben J. Mindess as an unsecured creditor for the amount of $5,000; that shortly after affiant was adjudicated a bankrupt, the said Ben J. Mindess came to see affiant and his wife and told him that his brother was requesting him to pay the $5,000 and that he (Ben Mindess) might have to sell his home to pay this obligation. In the supplemental affidavit, he stated that some time prior to September 22, 1956, he sold Ben J. Mindess and his attorney William J. Lasarow certain shares in two corporations for a price of $5,000; that shortly thereafter, and on or prior to September 22, 1956, affiant told the said Ben J. Mindess that he wanted to sell him an additional similar number of shares in the two corporations for the sum of $5,000, as he needed that much additional money in his business; that at said time and place, the said Ben J. Mindess said that he would let defendant have the money but that the written agreement would have to be with his brother and his wife, the plaintiffs in this action; that thereafter Ben J. Mindess brought the originals of exhibits A and

B, attached to plaintiffs' complaint, to be signed; that defendant signed said two instruments and sent them to William J. Lasarow who was also the attorney for the plaintiffs herein and that attached thereto and incorporated therein by reference was a copy of the letter received from William J. Lasarow showing that he prepared the papers for the plaintiffs therein as their attorney; that he did not list Ben Mindess and David H. Lasarow as creditors in his schedules as creditors for the transaction he had with them prior to September 22, 1956, for the reason that they purchased stock in the two corporations; that he did list them as creditors in the schedule based upon the transaction dated September 22, 1956, because of the fact that he had been notified in writing that they had elected to repurchase said stock for $5,000 and that he knew that he owed them the sum of $5,000; that both before and after bankruptcy, Ben J. Mindess stated to defendant that he (Ben) would have to pay his brother the sum of $5,000 that had not been returned pursuant to the terms of exhibits A and B, attached to plaintiffs' complaint. The attached letter (exhibit A) dated September 25, 1956, was from attorney William J. Lasarow and directed to defendant and recited in part:

"Enclosed is Agreement executed by Ralph and Helga Mendes [sic] and a check made payable to your order in the sum of $5,000.00 by Ralph Mendes [sic]. Please send the original Agreement with your signature to this office. I shall forward the stock certificate to Mr. Gibson."

Goodman then filed an affidavit reciting that within less than 60 days after affiant was adjudicated a bankrupt he was met by William Lasarow and was asked to come to his office at a later date to discuss his indebtedness to his clients, the plaintiffs herein; that affiant went to Lasarow's office four or five days later and was asked about paying the plaintiffs herein, and affiant stated that he was in bankruptcy and could not pay the obligation. Affiant further stated that Ben Mindess, the brother of plaintiff Ralph W. Mindess, came to see him approximately 30 days after he was adjudicated a bankrupt and told him that his brother knew about the bankruptcy and that he was going to have to sell his home to pay his brother.

Defendant recites the accepted rule that if an issue of fact is presented, a summary judgment cannot be granted and the court must permit trial of the issue. (*Gale* v. *Wood,* 112 Cal. App.2d 650 [247 P.2d 67].) He argues that in this case the

question of whether or not the plaintiffs had actual notice or knowledge of the bankruptcy was an issue to be determined by the trial court.

After due notice, under rule 17(b), Rules on Appeal, plaintiffs failed to file a brief in reply to defendant's opening brief. Accordingly, we are unfairly compelled to take the laboring oar. By the affidavits, it is questionable as to whether the $5,000 item listed under the names Ben J. Mindess and David H. Lasarow in the bankruptcy schedule applied to plaintiffs' claim or to their claim against Goodman, based upon another transaction between them prior to September 22, 1956. Goodman alleged that as to the transaction of September 22, 1956 (exhibit A), Ben J. Mindess bought an additional $5,000 in stock; that Ben Mindess furnished the money but requested that the agreement be between defendant Goodman and his brother Ralph and his wife, and that Goodman sign the agreement and send it to Lasarow, his attorney.

On the question of notice or knowledge, the general rule is that: "Actual knowledge of bankruptcy proceeding within the time required to file claims is an alternative to scheduling of claims that would discharge a provable claim. (Bankr. Act, sec. 17, sub. a (3), 11 U.S.C.A. sec. 35, subd. a (3)." (*Upton* v. *Heiselt Construction Co.*, 3 Utah 2d 170 [280 P.2d 971].)

On the question of notice or actual knowledge, it was held in *Wyser* v. *Estrin*, 129 N.Y.S.2d 487, that notice to an attorney while acting for a client is notice to the client where information relates to a matter within the scope of his original retainer. In *Rosenfield* v. *Moore*, 112 N.Y.S.2d 18, it was held that where a landlord placed her claim for rent in the hands of an attorney and was informed by the attorney that the tenant intended to file a petition in bankruptcy, and thereafter the attorney had actual knowledge through notice to creditors that the petition in bankruptcy had been filed, and no proof of claim was filed, the landlord had notice and actual knowledge of proceedings in bankruptcy precluding recovery on a claim for rent, notwithstanding that the landlord was not listed as a creditor in the tenant's bankruptcy schedules. In *Wise* v. *Curdes*, 219 Ind. 606 [40 N.E.2d 122], it was held that: "If a creditor has a duly authorized attorney, then notice to such attorney of bankruptcy proceedings is notice to the creditor, and actual knowledge of the attorney is the 'actual knowledge' of the creditor within meaning of the provision of the Bankruptcy Act. . . ."

(See also 6 Am.Jur. § 795, p. 1016. To the same effect are *Altman* v. *Miller,* 74 N.Y.S.2d 857; *Park Yorkville Corp.* v. *Mendley,* 73 N.Y.S.2d 856; *Davis* v. *Findley,* 201 Ala. 515 [78 So. 869]; *Jones* v. *Walter,* 115 Ky.App. 556 [74 S.W. 249-250]; *Freeman* v. *Superior Court,* 44 Cal.2d 533 [282 P.2d 857]; 6 Cal.Jur.2d, § 152, p. 333; and *Mattos* v. *Superior Court,* 30 Cal.App.2d 641 [86 P.2d 1056].)

The affidavit of defendant recites that within 60 days after affiant was adjudicated a bankrupt (adjudicated October 14, 1957), he met William J. Lasarow, the attorney, near his office, as heretofore related, and told him that he was in bankruptcy and could not pay the obligation. A meeting of the creditors was held about 30 days after the adjudication. Defendant was discharged on March 20, 1958. It therefore appears from the affidavit that during the bankruptcy proceeding plaintiffs' counsel was notified or had knowledge of the bankruptcy proceeding, although plaintiffs deny they ever had notice or knowledge of it. Their counsel did not deny these stated facts. As to the truth of these allegations, we are not here concerned. They appear to involve a factual question and come within the recognized rules stated in *Gale* v. *Wood, supra,* 112 Cal.App.2d 650.

Judgment and order striking answer reversed.

Shepard, J., and Coughlin, J., concurred.